MARJORIE LA TANT, Respondent, v. THOMAS STARK et al., Appellants.

Third Department, December 20, 1956.

*George B. Smith* for Clinton Davison, as executor of Angus H. Davison, deceased, appellant.

*Harry J. Kelly* and *John L. Barrett* for Thomas Stark and others, appellants.

*E. Stewart Jones, David E. Lider* and *Arthur L. Rosen* for respondent.

GIBSON, J. Plaintiff has recovered for injuries sustained when an automobile operated by decedent Davison and in which she was a passenger collided with a mobile crane owned by defendant Central Steel Erecting Company, Inc. (hereinafter termed "Erecting Co."), and operated by defendant Stark.

The issue as to the negligence of the defendants Stark and Erecting Co. rests principally, if not entirely, on conflicting testimony as to the crane's position with reference to the center line of the highway. The conflicts in the testimony and in the inferences therefrom were resolved in plaintiff's favor and we are unable to say that the jury's determination was contrary to the weight of the evidence. The jury was likewise warranted in finding that the decedent Davison's negligence contributed to cause the head-on collision.

We find untenable the contention that the examination by plaintiff of the defendant Stark, called as plaintiff's witness, was such as to require reversal. The examination, while searching, was within proper bounds and no objection was at any time interposed.

The verdict of $80,000 was not excessive. Plaintiff sustained three fractures of the pelvic bone, one extending into the acetabulum, resulting, according to medical prognosis, in permanent and progressive pain and disability. She sustained also, according to the uncontradicted proof, serious and permanent brain damage which resulted in convulsive seizures, hesitancy in speech, mental blunting and some paralysis in one hand. She sustained, also, facial lacerations which resulted in scars of substantial length. Neither defendant offered medical proof and only one of the four doctors who testified for plaintiff was cross-examined. Plaintiff proved special damages of $5,200. At the time of the accident she was 56 years old and earned from $33 to $35 per week. The medical proof was that she is permanently disabled from work.

We are required to review, also, the denial of the motion of defendants Stark and Erecting Co. to put the case over the term at which it was later tried, to enable them to obtain the testimony of one Griffis, claimed to be a disinterested eyewitness who would testify that at the time of the collision the crane was on its side of the highway. On the trial, there was testimony to that effect from defendant Stark and his coemployee as well as from a disinterested witness, Ida Brown, but it is contended that the denial of the motion was arbitrary and that the testimony of Griffis "might have resulted in a different verdict".

We find no improper exercise of the trial court's discretion in its denial of the motion. There was no showing of diligence or, in fact, of any effort whatsoever, other than a telephone call, to procure the witness Griffis' presence at the trial or to take his deposition at any time during the period of approximately one year the case had been at issue, until after the case was reached on the day certain fixed for trial, during all of which time he was in the military service, apparently a career soldier some 45 years of age and presumably subject to transfer without the State or country at any time. Absent, also, was any showing as to where and when, if ever, his testimony could be compelled or voluntarily obtained by deposition or on written interrogatories, should the motion for continuance be granted.

Representatives of defendants Stark and Erecting Co. obtained a written statement from Griffis on June 8, 1953 when he was stationed at Camp Drum, New York. The action became at issue in January, 1954 and was on the April, 1954 term calendar but was not reached. In August, 1954 the attorneys for these defendants requested plaintiff's attorney to give them a few days' notice when moving the case for trial at the September, 1954 term and plaintiff's attorney on September 20 complied with that request by writing them that the case would probably be reached toward the end of the term. The fact that the case was later upon the day calendar, although not reached for trial, afforded some indication that it would be reached early in the next term, appointed to commence January 3, 1955.

On December 21, 1954 plaintiff's attorney conferred with the attorneys for defendants Stark and Erecting Co. and the latter attorneys at that time telephoned Camp Drum and learned that Griffis had been transferred and it was later said that he was believed to be in Austria. On December 21, following their telephone call, these attorneys nevertheless suggested to plaintiff's attorney that he get ready for trial as the case could not be settled, if at all, until reached for trial.

On January 3, 1955 the case was marked ready and thereupon, without objection, was set down for trial on the day certain of January 10, 1955 for the convenience of plaintiff's physicians residing at some considerable distance.

On the day certain, January 10, plaintiff was ready for trial but the attorneys for defendants Stark and Erecting Co. requested an adjournment for one week to enable them to take the deposition of their witness, Ida Brown. It is abundantly clear that neither at that time nor previously was there any intimation that defendants were not ready to proceed without the testimony of Griffis. The statement, in one of the affidavits

submitted on the subsequent motion, that on January 10 all the attorneys concerned agreed that the deposition of Ida Brown be taken on January 12 and that the trial proceed on January 17, was not contradicted.

Accordingly, a day certain, this time January 17, was again fixed. The trial court later remarked on its reluctance to fix days certain and we recognize that that sometimes necessary procedure almost inevitably disrupts the calendar and slows or halts dispositions, particularly in counties such as that of the venue here where a great deal of the litigation is conducted by trial attorneys who are active in several counties, the calendar heavy and only recently current but the number of assigned terms necessarily limited and for but four weeks each. It follows that, in fairness to other litigants as well as to their adversaries, the attorneys now objecting should not have acquiesced in the court's twice fixing days certain unless they were prepared to go to trial without Griffis' testimony. Indeed, there is no intimation that, except for the illness of the witness Brown and the consequent adjournment to take her deposition, the trial would not have proceeded on January 10, the day originally fixed.

Nevertheless, on January 12 the attorneys for defendants Stark and Erecting Co. obtained an order to show cause, upon which was later argued their motion to put the case over the term. The motion was denied as was a subsequent motion to set aside the verdict and for a new trial on the ground that the denial of the prior motion prejudiced the moving defendants upon the trial of the action by depriving them of testimony which might have resulted in a different verdict.

The fact that the present attorneys of record for defendants Stark and Erecting Co. may initially have been unaware of the situation respecting Griffis cannot aid defendants, who chose to substitute new attorneys after the first trial date was fixed, this not uncommon practice having little to commend it and being in itself a fruitful cause of calendar confusion and delay.

The desirability of a prompt trial, sought to be accomplished in every case, was emphasized in this instance by plaintiff's age and physical condition and the nature and seriousness of her injuries. The defendant executor also opposed the motion to put over and the sincerity of his claim that an adjournment would delay the settlement of his testator's estate does not appear to be seriously controverted. Evaluating the various conflicting interests, the trial court was entitled to give less than compelling weight to those of defendants Stark and Erecting Co. in view of their obvious lack of diligence for more than a year, their twice accepting the assignment of a day certain without objection and

the obvious impossibility of any assurance as to when, if at all, Griffis' testimony could be compelled or would become available should he choose to testify.

The judgment and the order entered February 16, 1955 should be affirmed. The orders entered February 17, 1955 and April 5. 1955 should be affirmed.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Judgment and order entered February 16, 1955 affirmed, with costs.

Orders entered February 17, 1955 and April 5, 1955 affirmed, with $20 costs against the defendants appealing therefrom.