■ GEORGE J. MEYER, Respondent, v KATHLEEN C. MEYER, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered October 19, 1978 in Essex County, which denied defendant's motion for alimony and counsel fees. On June 17, 1974, the Supreme Court, Essex County, granted a judgment of absolute divorce to plaintiff on the ground that plaintiff and defendant had lived separate and apart, pursuant to a judgment of separation entered in Erie County on April 1, 1965, for a period of two years or more. The judgment of separation, and the orders concerning support and alimony were incorporated in the divorce decree. The court retained exclusive jurisdiction over applications for modification and enforcement of the alimony and child support provisions. In the divorce proceeding, it was stipulated that both plaintiff and defendant would be examined on June 28, 1974, under oath, for the purposes of establishing a record on the issues of support and/or alimony, to be submitted to the court by either party desiring to do so for determination of support and alimony. Both parties were examined under oath on June 28, 1974, for the purpose of producing a record upon which to determine alimony and child support. On September 19, 1974, defendant signed her deposition after making 31 corrections in her testimony. On October 30, 1974, plaintiff signed his deposition after making one correction. On April 29, 1975, defendant, by notice of motion returnable at Special Term, Essex County, on May 17, 1975, moved for an order granting alimony to her. Attached to the moving affidavit made by her attorney, were the separation decree entered in 1965, and the orders modifying the support and alimony provisions therein, entered in Erie County on February 14, 1966 and January 12, 1968, together with the deposition of defendant taken on June 28, 1974. On May 17, 1975, defendant requested permission to file a supplemental affidavit setting forth her request for counsel fees and a memorandum of law. The hearing was adjourned for that purpose. On May 25, 1978, defendant's attorney forwarded an affidavit to the court setting forth his request for counsel fees. On May 31, 1978, plaintiff's attorney submitted an affidavit in opposition to the motion, asserting that the delay of three years had resulted in substantial prejudice to plaintiff in that on May 17, 1975, it had been stipulated that plaintiff would continue to pay defendant $100 per week, representing $70 per week alimony and $30 per week child support, until the court had made a determination, and that the child support was for a child who had been emancipated in 1974. Special Term denied defendant's motion "solely due to the laches of the defendant and her attorney." On this appeal, defendant contends that laches is inapplicable because defendant has asserted her rights and placed plaintiff on notice of her intentions, and plaintiff has failed to show any injury resulting from the delay. In an action for divorce, "the court may direct the husband to provide suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self supporting, the circumstances of the case and of the respective parties" (Domestic

Relations Law, § 236). Laches is not mere delay, but delay that works a disadvantage to another. Disadvantage may arise from loss of evidence, change of title, intervention of equities or other causes (Seligson v Weiss, 222 App Div 634). Here, the potential disadvantage and prejudice to plaintiff is apparent. Had defendant diligently prosecuted her application and obtained an order increasing the amount of alimony to be paid, plaintiff would have been making payments on a weekly basis over a period of three years. If an order were to be made now covering that period, plaintiff might be facing a lump-sum payment which he might not be able to pay, in addition to increased weekly payments. Insofar as it may be argued that the order would not be applied retroactively, such an order in 1978 would have been based upon stale information more than four years old. No attempt was made herein to update by affidavit the circumstances and need of the defendant. Over the years, circumstances change and the court could properly conclude that an order made in 1978, based on evidence of 1974, would be prejudicial to plaintiff. The court, under these circumstances, could have also concluded that the failure of defendant to diligently pursue her application was indicative of a lack of need for an increase in the existing support provisions. The motion for counsel fees stands on the same basis. Order affirmed, without costs. Kane, J. P., Staley, Jr., Main and Casey, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. On June 17, 1974, an uncontested divorce based on a separation agreement was granted to plaintiff against the defendant by the Trial Judge, who retained exclusive jurisdiction to decide, at some later agreed time, support, alimony and custody. On June 28, 1974, the parties made depositions under oath, with the court's consent, for the purpose of establishing a record on the issues of support and alimony to be submitted to the court to determine those issues. The defendant returned her sworn affidavit on September 11, 1974. Both parties stipulated that court decrees entered for modification of the separation agreement on February 11, 1965 and January 12, 1968 did not constitute determinations on the merits of the issues of alimony, support and custody. On May 6, 1975, a motion was brought before the court by the defendant for a determination as to alimony for herself. On May 17, 1975, the parties, by their counsel, appeared before Justice Soden to be heard on the request for alimony. Permission was requested by defendant's attorney for time to file a supplemental affidavit setting forth facts relative to counsel fees and to submit a memorandum of law. This affidavit was submitted on May 25, 1978, some three years later, as was the memorandum of law. At the May 17, 1975 hearing, it was agreed by both parties that the plaintiff would continue to pay $100 a week to defendant until the court was able to determine the issue of alimony. The court, by its order of October 10, 1978, denied in toto the relief for alimony and counsel fees requested by the defendant and her attorney because of laches. The exasperation of the trial court with the totally unexplained delay of trial counsel in supplying the court with the promised affidavit substantiating counsel fees is understandable. However, a dismissal of the requested relief is not appropriate. The defendant pressed her right to alimony in timely fashion in the divorce action brought against her by her husband in June, 1974. All of the evidence necessary to determine that issue was within the hands of the court by May 17, 1975. Certainly there was no reason not to proceed to a determination of the matter of alimony after the time set to file a memorandum and to supply an affidavit as to counsel fees had elapsed, or a

reasonable time had passed to receive the items. It is fundamental law that delay alone does not constitute the defense of laches; the delay must be coupled with a resulting change of position of the plaintiff which renders it unjust, on principle of equity, to assist the defendant. The affidavit of the plaintiff does not allege any facts to support the conclusory statement of his attorney that an alimony award and counsel fees would prejudice the plaintiff. The voluntary payments by plaintiff of $100 a week during the intervening years make it unlikely that the plaintiff will be prejudiced by the much delayed determination of the issue of alimony. Also, nothing is averred by plaintiff which, despite the delay in supplying the affidavit setting out the amount of work performed by defendant's counsel, would injure the plaintiff if otherwise an award of counsel fees is indicated. Absent such a showing, laches does not apply (see 2 Carmody-Wait 2d, NY Prac, § 13.5). The order should be reversed.