■ ERNEST HOLZBERG, Appellant, v BERNARD E. FEUERSTEIN, Respondent, et al., Defendant, et al., Intervenors. — In an action to recover the value of legal services allegedly rendered, plaintiff appeals (1) from a judgment of the Supreme Court, Westchester County (Walsh, J.), entered August 19, 1982, which dismissed his first cause of action as against defendant Feuerstein, upon a jury verdict, dismissed plaintiff's second cause of action as against Feuerstein, upon his motion to dismiss at the close of plaintiff's case, and limited plaintiff's award on his third cause of action to $1,500 and (2) from stated portions of an order of the same court, entered July 7, 1982, which denied his motion, *inter alia,* to set aside the jury verdict.

Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed.

Respondent is awarded one bill of costs.

Trial Term properly dismissed the second cause of action of the amended complaint wherein plaintiff alleged that he was entitled to a fee based on *quantum meruit* for services rendered in connection with the trial of an action in which he represented defendant Feuerstein as plaintiff under a contingent fee agreement. That trial ended in a judgment of dismissal against Feuerstein. After judgment was rendered, Feuerstein hired new attorneys who prosecuted an appeal and subsequently settled the action. Plaintiff is not entitled to a fee based on a percentage of the proceeds of the settlement because his contingent fee agreement made no reference to an appeal and the attorney-client relationship terminated after the judgment of dismissal was rendered (see *Vitale v La Cour,* 92 AD2d 892).

We have considered plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.