■ STANFORD SHEPS et al., Appellants, v FRANK B. HALL & Co., INC., Respondent, and FRANK ANGELILLI CONSTRUCTION Co., INC., et al., Defendants and Third-Party Plaintiffs-Respondents. WHITE PLAINS IRON WORKS, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland Count (Slifkin, J.), entered August 18, 1983, as, upon verdicts rendered after a bifurcated jury trial which found all defendants liable for negligence, awarded plaintiff Stanford Sheps only $11,000 in damages and awarded no damages to plaintiff Maria Sheps for her derivative claim for loss of consortium.

Judgment affirmed, insofar as appealed from, with one bill of costs payable by appellants to defendants and third-party plaintiffs-respondents and third-party defendant-respondent appearing separately and filing separate briefs

In August 1977, plaintiff Stanford Sheps, an iron worker, saw a steel beam falling toward him. To save himself, he abandoned the ladder on which he was working, grabbed a nearby cable with his right hand, and suspended his entire weight in this manner for "an instant".

Mr. Sheps never worked nor applied for employment there-

after, claiming that he suffered continuous and intense pain in his neck, right shoulder, lower back and legs as a result of the accident. However, numerous neurological tests failed to produce any objective findings of injury.

This action was commenced in or about February 1978, and came to trial in May 1982. A separate trial on the issue of liability resulted in a verdict against the defendants, and a separate finding that Mr. Sheps was free from contributory negligence.

A trial on damages was thereafter commenced, and after one full week, plaintiffs moved for a mistrial on the ground of an alleged conflict of interest on the part of Mr. Selig, counsel for defendant Frank Angelilli Construction Co., whose firm had represented Mrs. Sheps in a prior accident case. The motion was denied. Plaintiffs also sought to preclude the testimony of Dr. Altchek, the sole medical expert who testified for the defense, on the ground that defendants had failed to comply with notice requirements set forth in 22 NYCRR part 672. Dr. Altchek had examined Mr. Sheps in 1978 for the purpose of a Workers' Compensation Board hearing. The trial court denied this application as well, and ruled that the plaintiffs could not cross-examine him regarding the circumstances under which he performed the 1978 examination of Mr. Sheps.

The jury subsequently returned a verdict of $11,000 for Mr. Sheps but awarded Mrs. Sheps nothing on her derivative claim for loss of consortium. This appeal followed. We affirm, insofar as appealed from.

The trial court properly denied plaintiffs' motion for a mistrial on the ground of Mr. Selig's alleged conflict of interest. At an examination before trial conducted 2 1/2 years prior to trial, Mr. Selig informed plaintiffs and their attorney that Mr. Selig's firm "had previously represented Mr. and Mrs. Sheps in a case involving an accident", and obtained an explicit waiver of any objection to his continued representation of defendant Frank Angelilli Construction Co., Inc. Moreover, the attorney, Mr. Selig, did not cross-examine Mrs. Sheps. The cross-examination by the attorneys for the codefendants relating to the prior accident case involving Mrs. Sheps was based exclusively on material in the County Clerk's file.

Plaintiff's further argument that Dr. Altchek should have been precluded from testifying because of the failure to comply with the notice requirement of our court's rules similarly lacks merit. Assuming, arguendo, that the operative portion of

our rules was, in fact, violated by defendants, 22 NYCRR 672.8 grants to the Trial Judge discretion to decline to invoke a preclusion in the interest of justice and upon a showing of good cause. At bar, the Trial Judge correctly exercised his discretion to permit Dr. Altchek's testimony regarding his 1978 examination of Mr. Sheps, since the doctor was unable to conduct a complete examination of Mr. Sheps prior to trial through no fault of the defendants.

Plaintiffs also argue that the jury was misled into believing that Dr. Altchek was an impartial witness or Mr. Sheps' treating physician by the preclusion of inquiry into the circumstances surrounding the 1978 examination. This argument is similarly unpersuasive, as the Judge made it abundantly clear when he introduced Dr. Altchek to the jury that the doctor was testifying on behalf of the defendants and not for the plaintiffs.

Finally, plaintiffs' contention that the verdict as to damages was inadequate and against the weight of the evidence cannot be accepted, as the evidence regarding Mr. Sheps' alleged injuries and resulting disability was in sharp conflict. Thus, the issue presented was one of pure credibility. It is well established that issues regarding the credibility of witnesses and the accuracy of their testimony are for the jury to determine (*Sorokin v Food Fair Stores,* 51 AD2d 592), and its verdict will not be disturbed if it could have been reached by any fair interpretation of the evidence (*O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431). Upon the evidence in this record, the jury could have reasonably concluded that Mr. Sheps suffered no substantial injury. On the same basis, the determination to award Mrs. Sheps no damages based on her derivative claim for loss of consortium should not be disturbed. Additionally, the evidence adduced at trial would support a reasonable inference that subsequent illnesses and injuries to both plaintiffs caused or contributed to the claimed deterioration in their personal relationships and that Mr. Sheps did, in fact, perform certain household tasks subsequent to his alleged injury in 1977. Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.