■ BERNICE CROMARTIE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Kings County (Aronin, J.), dated January 16, 1984, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $95,000.

Judgment affirmed, with costs.

Plaintiff claims that she was injured when a subway train, upon which she was a passenger, came to an abrupt stop. During the jury selection process of this bifurcated trial, counsel for the defendant requested that only the issue of liability be tried on the basis that his medical expert was on vacation and would be unavailable. That application was denied by Justice Held. Upon the commencement of the trial of the issue of liability before Justice Aronin, defendant's counsel renewed his application that only the issue of liability be tried and requested a postponement of the damages portion of the trial. That application and a second similar application were denied by Justice Aronin. Defendant points to these denials of the requested postponement of the trial of the issue of damages as error.

As a general rule the granting or refusing of a postponement or continuance is within the sound discretion of the court and will be upheld on appellate review in the absence of an abuse of discretion *(Balogh v H.R.B. Caterers,* 88 AD2d 136, 143). The record does not support defendant's contention that it made diligent efforts to secure the medical expert's presence at trial, and the denials by Justices Held and Aronin of the

requested postponement herein cannot be deemed an abuse of discretion *(Spodek v Lasser Stables,* 89 AD2d 892, 893; *La Tant v Stark,* 3 AD2d 94, 97, *affd* 4 NY2d 890).

Defendant further argues that the summation of the attorney for plaintiff was so inflammatory that it precluded a fair verdict. While certain of the comments might be considered improper, they comprised a small part of the summation and were not so out of bounds as to require a new trial *(Barry v Manglass,* 77 AD2d 887, 890, *affd* 55 NY2d 803).

We have examined defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.