■ ANTOINETTE KURTH et al., Respondents, v WALLKILL ASSOCIATES, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Orange County (Ingrassia, J.), dated April 16, 1986, which, upon a jury verdict, is in favor of the plaintiffs and against it in the principal sum of $102,994.20, plus interest from March 11, 1985.

Ordered that the judgment is modified, on the law, by deleting from the third decretal paragraph thereof the words "March 11, 1985" and substituting therefor the words "March 10, 1986", and deleting the phrase "total amount of judgment: $106,748.83"; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended judgment.

On March 11, 1985, the plaintiff Antoinette Kurth, then age 73, visited a neighbor, Mrs. Kartas, in the defendant's building. When she stepped outside at about 7:00 P.M., she found herself in the dark. She was moving slowly when her right foot "hit something" and she fell, injuring herself. There was a railroad tie step where the plaintiff fell. The superintendent testified that he checked the lights weekly and "[o]f course" lights were always out. Mrs. Kartas's brother testified that he

had supper at his sister's apartment every night and the only light he ever noticed was the streetlight which was maintained by the local utility company. He testified that on the night of March 11, 1985 the streetlight was out. On the emergency room record a nurse wrote that Mrs. Kurth "got dizzy and fell".

The plaintiffs presented a prima facie case. The owner of a public building has a duty of lighting the exterior of the building at those times when it is open to the public and, upon failure to do so, is prima facie guilty of negligence *(Gallagher v St. Raymond's R. C. Church,* 21 NY2d 554; *Kaufman v Congregation of Knesses Israel Sea Gate,* 35 AD2d 722).

The defendant claims that the plaintiff Antoinette Kurth's testimony that her right foot hit "something" is not enough to prove that the injury was sustained by a cause for which the defendant was responsible. In determining whether the plaintiff has made out a prima facie case, "[a]n appellate court is required (as was the trial court) to view the evidence in the light most favorable to the plaintiff, who is entitled to the benefit of all inferences which may reasonably be drawn therefrom * * * The court's function is not to weigh the evidence, but rather, to determine whether any rational basis exists for the jury to find in the plaintiffs' favor" *(Becker v City of New York,* 106 AD2d 595, 596-597).

The defendant also claims that Dr. Kamalian's testimony violated 22 NYCRR 202.17 (h), which provides that subject to a contrary judicial determination, "no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged". Under the law and the facts of this case, the trial court did not abuse its discretion in allowing Dr. Kamalian's testimony since the treating physician refused to be an expert witness and the doctor's testimony was substantially based on the X-ray reports, the treating doctor's reports and the hospital reports previously exchanged *(see, Sheps v Hall & Co.,* 112 AD2d 281). The defendant further argues that the summation of the attorney for the plaintiffs was so inflammatory that it precluded a fair verdict. While certain of the comments might be considered improper, they comprised a small part of the summation and were not so out of bounds as to require a new trial *(see, Cromartie v New York City Tr. Auth.,* 113 AD2d 915).

The defendant's further contention that the verdict as to damages was against the weight of the credible evidence is

without merit. It is well established that issues regarding the credibility of witnesses and the accuracy of their testimony are for the jury to determine, and its verdict will not be disturbed if it could have been reached by any fair interpretation of the evidence *(Sheps v Hall & Co.,* 112 AD2d 281, 283, *supra).*

Finally, the plaintiffs concede that interest may only be recovered in this case from the date of the verdict and not from the date of the accident (CPLR 5002). Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.