■ In the Matter of HOUSING DEVELOPMENT FUND COMPANY OF THE CARPENTERS AND JOINERS, LOCAL 964, OF RAMAPO, INC., Respondent, v COUNTY OF ROCKLAND, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the Rockland County Superintendent of Highways to grant the petitioner's application for a permit for access to its senior citizen housing development from a county road, the County of Rockland appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated October 3, 1986, which ordered the Rockland County Superintendent of Highways to issue an access permit.

Ordered that the judgment is affirmed, without costs or disbursements.

Upon a review of the record we find no justification for the appellant's refusal to issue a permit to the petitioner. Although the appellant need only show a rational basis for its decision *(see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 120 AD2d 166), and safety has consistently been held as a rational basis for denying permits *(Cities Serv. Oil Co. v City of New York,* 5 NY2d 110), there is no evidence in the record that the petitioner's request would endanger the public safety.

Nor do we find merit in the appellant's contention that the trial court's denial of a requested adjournment was an abuse of discretion. The decision to grant an adjournment is ordinarily committed to the sound discretion of the trial court *(Matter of Anthony M.,* 63 NY2d 270, 283-284). This discretion will be more narrowly construed where fundamental rights are at issue *(People v Spears,* 64 NY2d 698) or where brief adjournments are requested " 'to secure witnesses * * * where the witness is identified, is within the courts *[sic]* jurisdiction and there is a showing of some diligence and good faith' " *(People v Africk,* 107 AD2d 700, 702, citing *People v Brown,* 78 AD2d 861). There is a question as to the diligence utilized by the appellant in getting its witnesses to court on the original date. The attorney for the appellant stated that one of the witnesses was on personal leave for the day and the other was in the field. With a week's notice, this does not show a high degree of diligence on the part of the appellant in securing witnesses to oppose the petition. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.