■ In the Matter of CHARLES F. ALARIO, Appellant, v ANTHONY J. DEMARCO, JR., Respondent.—In a proceeding pursuant to Judiciary Law § 475 to determine and enforce an attorney's lien, the petitioner appeals from an order of the Supreme Court, Queens County (Hyman, J.H.O.), dated January 25, 1988, which denied his motion to vacate a judgment, purportedly entered upon his default.

Ordered that the order is affirmed, with costs.

After executing a retainer with a client in 1979 which included a contingency fee arrangement, the petitioner attorney retained the respondent DeMarco to try the client's personal injury action. After a trial, the jury rendered a verdict in favor of the defendant.

The client, in January of 1986, executed a new retainer agreement with DeMarco, pursuant to which DeMarco would represent him at retrial in the event of a successful appeal. Thereafter, DeMarco retained appellate counsel and an appeal was taken which resulted in a reversal and the granting of a new trial *(see, Swoboda v We Try Harder,* 128 AD2d 862). Prior to the commencement of the second trial, however, the case was settled for $350,000. Thereafter, a dispute arose

between the petitioner and DeMarco with respect to whether the petitioner was entitled to a fee in light of the settlement.

By order to show cause dated July 7, 1987, the petitioner commenced a proceeding against DeMarco in which he sought, *inter alia*, to modify the stipulation of settlement so as to provide that he receive a counsel fee pursuant to the 1979 retainer. The order to show cause was made returnable approximately seven weeks after the date of signing. In colloquy taken on the record between the petitioner—who appeared *pro se*—and Justice Lonschein, by whom the order to show cause was signed, Justice Lonschein stated that "obviously there will have to be a hearing" and that the case would "be sent either to a referee or a Judicial Hearing Officer, if I find the hearing is necessary".

On the return date of the motion, both the petitioner and DeMarco appeared *pro se* before Justice Lonschein. After colloquy between the court and the parties, the court—referring to the petitioner—stated, "[h]e wants a quick resolution. How about today?" After no objection was registered by the petitioner, the court declared, "[g]reat, and it's going to a Judicial Hearing Officer today". Subsequently—and again without opposition by the petitioner—the court announced that "we're having a hearing today". Thereupon, the court referred the matter to Judicial Hearing Officer Harold Hyman, with instructions to conduct an "immediate hearing".

At the hearing, however, the petitioner represented for the first time that he was not, in fact, prepared to proceed and required a 13- or 15-day adjournment, since: (1) his previously retained counsel was in Florida and not present, and (2) his lack of experience as a trial attorney precluded his handling of the matter himself. When questioned by the Judicial Hearing Officer as to whether he had informed the referring court that he was not ready to proceed, the petitioner conceded that he had not. The Judicial Hearing Officer then offered to permit the hearing to begin after which a two-day adjournment would be granted, but the petitioner declined the offer and the hearing was immediately commenced over his objection.

At the hearing, and in an affidavit submitted in opposition to the petition, the plaintiff client in the underlying personal injury action stated that despite his entreaties and those of his parents, the petitioner had declined to become involved in any appeal of the adverse jury verdict, that the petitioner had therefore been discharged, and that a new retainer had been

signed with DeMarco pursuant to which he was to represent the plaintiff in the event of a successful appeal.

Thereafter, the Judicial Hearing Officer ruled in DeMarco's favor and dismissed the proceeding, concluding that under the facts as adduced at the hearing, the petitioner was not entitled to a fee since his retainer was silent with respect to any agreement regarding appeals thereby terminating the attorney-client relationship after the unsuccessful first trial. The petitioner's subsequent motion to vacate the foregoing judgment, purportedly made upon his default, was denied. The petitioner appeals. We affirm.

With regard to the petitioner's contention that the Judicial Hearing Officer abused his discretion in ordering that the hearing commence without a 13-to-15-day adjournment, it must first be observed that requests for adjournments are addressed to the sound discretion of the court (see, *People v Spears,* 64 NY2d 698, 699; *Matter of Anthony M.,* 63 NY2d 270, 283; *People v Foy,* 32 NY2d 473; *People v Singleton,* 41 NY2d 402). Moreover, as a general rule the granting or denying of a postponement or continuance will be upheld on appellate review in the absence of an abuse of discretion (see, *Matter of Anthony M., supra; Matter of Housing Dev. Fund Co. v County of Rockland,* 134 AD2d 594; *Cromartie v New York City Tr. Auth.,* 113 AD2d 915). Although the court's discretion will be more narrowly construed where fundamental rights are at issue (see, *People v Spears,* 64 NY2d 698, *supra; Matter of Housing Dev. Fund Co. v County of Rockland,* 134 AD2d 594, *supra),* or where brief adjournments are diligently requested to secure the presence of identified witnesses (see, *People v Africk,* 107 AD2d 700, 702), we perceive no abuse or improvident exercise of discretion in the Judicial Hearing Officer's decision to deny the requested adjournment.

Here, the petitioner was aware some seven weeks prior to the return date of his order to show cause that the commencement of a hearing was likely, since Justice Lonschein, in signing that order—which specifically requested a hearing—stated twice that there would have to be a hearing. Despite the foregoing, the petitioner failed to arrange for his attorney's presence, offering the belated excuse that his counsel was in Florida and that—though an attorney—he was nevertheless too inexperienced in trial matters to handle the case himself or to have known that a hearing might be conducted that same day. Further, the petitioner, though subsequently claiming that he was unprepared to proceed, nevertheless permitted Justice Lonschein to refer the matter for an imme-

diate hearing without interposing any objection. In light of the foregoing, we cannot say that the Judicial Hearing Officer improvidently exercised his discretion in declining to grant an adjournment, especially where the petitioner had represented himself in commencing the proceeding, had failed to provide any reasonable excuse for his attorney's absence and had acquiesced in the referral of the case for what Justice Lonschein had clearly indicated was to be an immediate hearing.

Further, the relevant authorities support the Judicial Hearing Officer's determination that the petitioner was not, in any event, entitled to a fee and the record belies the petitioner's contentions that questions of fact exist with respect to the retainer. Initially, it is undisputed that the petitioner's contingent fee agreement made no reference to his continued employment in the event of an appeal *(see, Shaw v Manufacturers Hanover Trust Co.,* 68 NY2d 172; *Holzberg v Feuerstein,* 104 AD2d 971). Moreover, the evidence adduced at the hearing, and as set forth in the affidavits submitted in opposition to the petition, provided more than ample grounds from which the Judicial Hearing Officer could reasonably conclude that the attorney-client relationship had terminated after the first trial. The personal injury plaintiff and his father provided testimony and affidavits attesting to the termination of the attorney-client relationship after the petitioner had displayed his reluctance to pursue an appeal. Where, as here, "the client has asserted that the contract terminated upon entry of an adverse judgment, we hold that the agreement must be construed so to provide" *(see, Shaw v Manufacturers Hanover Trust Co., supra,* at 177).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.