■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered April 9, 1987, convicting him of burglary in the second degree, assault in the second degree, criminal mischief in the fourth degree, criminal possession of stolen property in the third degree, and possession of burglar's tools, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). We note that criminal possession of stolen property in the third degree, as it existed at the time of the crime, did not require proof of value and was a class A misdemeanor.

Contrary to the defendant's contentions, it was not improper for the trial court to have denied his request to withdraw his fully executed jury waiver, made on the day his bench trial was scheduled to commence (see, People v Mc-Queen, 52 NY2d 1025). Moreover the court's denial of the defendant's request for an adjournment of a "few weeks to look over [some] papers", was not an improvident exercise of discretion (see, Matter of Anthony M., 63 NY2d 270, 283; People v Singleton, 41 NY2d 402, 405; People v Foy, 32 NY2d 473; Matter of Alario v DeMarco, 149 AD2d 587, appeal dismissed 74 NY2d 791).

We have reviewed the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.