■ BARBARA HALLORAN, Appellant, v SPINA FLOOR COVERING, INC., Respondent and Third-Party Plaintiff-Respondent. WALTER KAY ASSOCIATES, INC., Third-Party Defendant-Respondent.—Judgment of the Supreme Court, New York County (Alfred Toker, J.), entered January 17, 1992, which dismissed the complaint on the ground plaintiff failed to present a *prima facie* case, is unanimously reversed, on the law and facts and in the exercise of our discretion, the complaint reinstated and the matter restored to the trial calendar, with costs and disbursements payable to plaintiff.

The trial court abused its discretion in refusing plaintiff a brief continuance in order to allow expert and factual testimony necessary to establish a *prima facie* case. Plaintiff did not request the continuance because of a lack of preparedness or due to strategic motives. A hostile witness, Gene Pereskin, a co-owner of defendant Spina, was due to testify pursuant to subpoena. Mr. Pereskin disregarded the subpoena and his attorney later that day informed the court that his client was critically ill and would not appear. This sudden and unexpected absence necessitated a brief continuance for the appearance of the expert. The request was made after 3:00 P.M. for a continuance the very next day.

While requests for adjournments and continuances are within the discretion of the trial court, that discretion is limited and narrowly construed where the adjournment or continuance requested is brief and made with a showing of movant's diligence and good faith to secure the attendance of a crucial witness *(see, Matter of Housing Dev. Fund Co. v County of Rockland,* 134 AD2d 594). Plaintiff made such a showing by acting diligently and providing a reasonable justification for the short delay. Finally, contrary to defendant's assertion, the plaintiff established that the proposed expert testimony was material and necessary to her case. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.