■ DENNIS CETTA et al., Appellants-Respondents, v COCA-COLA COMPANY, Respondent-Appellant, COCA-COLA BOTTLING COMPANY OF NEW YORK, INC., Respondent, et al., Defendant. (And a Third-Party Action.) [599 NYS2d 988] —In a negligence action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Held, J.), entered August 1, 1990, which, upon a jury verdict, is in their favor and against The Coca-Cola Company and The Coca-Cola Bottling Company of New York, Inc., in the principal sum of $25,000, and The Coca-Cola Company cross-appeals from so much of the same judgment as assessed liability against it.

Ordered that the judgment is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from by The Coca-Cola Company, on the law, and the complaint is dismissed insofar as asserted against that defendant; and it is further,

Ordered that The Coca-Cola Company is awarded one bill of costs payable by the plaintiffs.

We find that the trial court should have granted The Coca-Cola Company's motion for judgment as a matter of law *(see,* CPLR 4401), since no rational basis exists for the conclusion that The Coca-Cola Company had control over the bottling process of The Coca-Cola Bottling Company of New York, Inc. *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471, 479; *Csoka v Bliss,* 168 AD2d 664, 665; *see also, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Becker v City of New York,* 106 AD2d 595, 596-597).

As to the plaintiffs' appeal, in light of the equivocal evidence regarding the cause of Dennis Cetta's long-term injuries, it cannot be said that the damage award materially deviated from what would be reasonable compensation under the circumstances *(see,* CPLR 5501 [c]). In addition, the court did not improvidently exercise its discretion in denying the plaintiffs' request for an adjournment during the course of the trial *(see, Matter of Housing Dev. Fund Co. v County of Rockland,* 134 AD2d 594; *Cromartie v New York City Tr. Auth.,* 113 AD2d 915, 916).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.