■ MARTIN REED, Respondent, v SHIRLEY REED, Appellant. [599 NYS2d 847] —In a matrimonial action in which the parties were divorced by judgment dated June 7, 1972, the defendant appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated February 13, 1991, which denied her application to amend the parties' divorce judgment to provide for child support and alimony.

Ordered that the order is affirmed, with costs.

In this matrimonial action, the parties were divorced by a judgment dated June 7, 1972. The judgment did not set forth any provision as to alimony or child support for their two infant children. Instead, there was a temporary order dated April 15, 1971, requiring the plaintiff to provide for child support and alimony. Both parties agree that this order was extended for six weeks after the date of the divorce hearing, that is, to February 1, 1972. The judgment, however, gave the parties the option to make an application to the Family Court for a permanent order. Neither party obtained a permanent order. More than 18 years later, the defendant now seeks to enforce and modify provisions that had expired with the temporary order.

Based upon a review of the record, we find that the Supreme Court properly applied the doctrine of laches. This doctrine is applicable where there has been a considerable delay resulting in a change of position, intervention of equities, loss of evidence, or other disadvantage *(see, Thurmond v Thurmond,* 155 AD2d 527, 529; *see also, Meyer v Meyer,* 74 AD2d 945). The defendant's failure to diligently pursue this application may further be indicative of a lack of need *(see, Meyer v Meyer, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.