██ ESTHER YORK, Appellant, v JOSEPH YORK, Respondent. [950 NYS2d 911]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated December 3, 2010, which denied her motion for a mistrial and recusal.

Ordered that the order is affirmed, with costs.

A motion for a mistrial is directed to the sound discretion of the trial court, and is to be made on a case-by-case basis (*see Frankson v Philip Morris Inc.*, 31 AD3d 372, 373 [2006]). The trial court providently exercised its discretion in denying that branch of the plaintiff's motion which was for a mistrial.

Further, absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter on the issue of recusal. Since the plaintiff failed to demonstrate that any determinations in the case were the result of bias, the Supreme Court did not improvidently exercise its discretion in declining to recuse itself from the case (*DiSanto v DiSanto*, 29 AD3d 936 [2006]; *see York v York*, 250 AD2d 837 [1998]). Rivera, J.P., Dickerson and Chambers, JJ., concur.

Austin, J., dissents and votes to reverse the order, on the law, and grant the plaintiff's motion for a mistrial and recusal, with the following memorandum.

Reminiscent of Dickens's infamous Jarndyce litigation in Bleak House, this matrimonial litigation has festered on the Supreme Court's docket, in one form or another, for more than 19 years.

The divorce trial ended more than five years ago, and still no decision has been rendered. As a result, no judgment of divorce has been entered. This litigation seems condemned to face an uncertain, interminable future by virtue of our condoning this action to remain unresolved despite innumerable motions, countless hearing and trial days, a CPLR article 78 proceeding, and various appeals to this Court.

By affirming the Supreme Court's denial of the plaintiff's motion for a mistrial and a new trial before a different justice, we allow this same sad cycle to continue as it has over nearly two decades. For this and the other reasons herein set forth, I respectfully dissent and vote to reverse the order, with a direction that a new justice be promptly assigned and that the retrial of this matter commence immediately, proceed day to day and be brought to a prompt conclusion.

Recusal

Pursuant to Judiciary Law § 14, "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he [or she] is a party, or in which he [or she] has been attorney or counsel, or in which he [or she] is interested, or if he [or she] is related by consanguinity or affinity to any party to the controversy within the sixth degree." In the absence of a disqualification predicated upon those express statutory provisions, the determination concerning a motion seeking recusal based on alleged impropriety, bias, or prejudice is within the discretion and "the personal conscience of the court" (*People v Moreno*, 70 NY2d 403, 405 [1987]; *see Vogelgesang v Vogelgesang*, 71 AD3d 1131, 1131 [2010]).

The primary purpose of Judiciary Law § 14 is to insure the dignity, honor, and purity of the judiciary (*see Casterella v Casterella*, 65 AD2d 614, 615 [1978]). "Although the question of when a Judge should disqualify himself [or herself] is generally a matter of personal conscience, the courts must be wary lest a seemingly innocuous action result in discrediting the judiciary and under-mining the effectiveness of the judicial process" (*id.* at 615). Although when recusal is sought based upon impropriety, the trial judge remains the sole arbiter, "it may be the better practice in some situations for a court to disqualify itself in

a special effort to maintain the appearance of impartiality" (*People v Moreno*, 70 NY2d at 406; *see Murray v Murray*, 73 AD2d 1015, 1015 [1980] ["We deem it to the benefit of the judiciary that where an appearance of improper judicial interest emerges, the integrity of the judiciary requires that a Judge disqualify (himself or) herself"]).

Recusal to avoid the appearance of bias due to protracted proceedings is not unprecedented (*see People v Ahalt*, 139 Misc 2d 863, 866 [1988], *affd* 170 AD2d 982 [1991]). To label the proceedings in the instant case as merely protracted is an understatement, to say the least. This matter has been extended beyond credulity, consuming such an inordinate amount of time so as to be measured in decades. It has also fostered great animus, as evidenced by the briefs of both parties, which are laced with venomous personal insults.

Without the mercy of a mistrial and retrial before a different justice, this matter threatens to continue on its present, festering course indefinitely. Under these extraordinary circumstances, recusal is necessary and proper to protect the honor of the court and the integrity of the judicial process.

Mistrial

The determination to either deny or grant a mistrial is to be made upon the particular circumstances of the case, and is within the sound discretion of the trial court (*see Chung v Shakur*, 273 AD2d 340, 340 [2000]; *see also Taylor v Port Auth. of N.Y. & N.J.*, 202 AD2d 414, 415 [1994]).

"[D]enial of a mistrial motion may, given the facts of a particular case, constitute reversible error where it appears that the motion should have been granted 'to prevent a substantial possibility of injustice' " (*Cohn v Meyers*, 125 AD2d 524, 527 [1986] [citation omitted], quoting *Halstead v Sanky*, 48 Misc 2d 586, 588 [1965]). As noted by the Appellate Division, Third Department, in *Reome v Cortland Mem. Hosp.* (152 AD2d 773, 773 [1989]), in a civil case, the determination to grant a mistrial is generally a discretionary matter for the trial court, although "certain events are so extraordinarily prejudicial that a mistrial is required as a matter of law." This case calls for such a result.

The instant case involves what is, objectively, an unreasonable and extraordinarily lengthy delay in an action for a divorce and ancillary relief. It is evident that the kind of indefinite, open-ended status of the action, as it stands today, is prejudicial and engenders the substantial possibility of injustice. The Third Department recognized, in *Meyer v Meyer* (74 AD2d 945 [1980]), that laches, prejudice, and the possibility of injustice were inherent in a delay of several years. In *Meyer*, after the Supreme Court awarded a judgment of divorce to the plaintiff husband,

the defendant wife moved for an award of maintenance (*id.* at 945). On May 17, 1975, the hearing was adjourned when the defendant requested permission to file a supplemental affidavit and memorandum of law (*id.* at 945). The defendant's attorney did not forward the affidavit until May 25, 1978, more than three years later (*id.*). The plaintiff opposed the motion, asserting that the delay had resulted in substantial prejudice (*id.*). The Third Department agreed, explaining that the order, as it related to the circumstances and needs of the defendant, would have been based upon "stale information more than four years old" (*id.* at 946). "Over the years, circumstances change and the court could properly conclude that an order made in 1978, based on evidence of 1974, would be prejudicial to plaintiff" (*id.* at 946; *cf. Reed v Reed*, 195 AD2d 451 [1993]; *Thurmond v Thurmond*, 155 AD2d 527, 529 [1989]).

The decision to grant adjournments and other extensions, like the decision to declare a mistrial, also falls within the discretion of the trial court (*see Matter of Habib v Habib*, 277 AD2d 381, 381 [2000]; *Cuevas v Cuevas*, 110 AD2d 873, 877 [1985]; *Spodek v Lasser Stables*, 89 AD2d 892, 892 [1982]; *see also Sarlo-Pinzur v Pinzur*, 59 AD3d 607, 608 [2009]). The grant or denial of a request for an adjournment or continuance "will be upheld on appellate review if the trial court providently exercised its discretion" (*Nieves v Tomonska*, 306 AD2d 332, 332 [2003]; *see Davidson v Davidson*, 54 AD3d 988, 988 [2008]; *Mirzoeff v Nagar*, 52 AD3d 789, 789 [2008]; *Atwater v Mace*, 39 AD3d 573, 574 [2007]; *Matter of Alario v DeMarco*, 149 AD2d 587, 589 [1989]). However, the discretion of the court must be "more narrowly construed where fundamental rights are at issue" (*Matter of Alario v DeMarco*, 149 AD2d at 589; *Matter of Housing Dev. Fund Co. of Carpenters & Joiners, Local 964, of Ramapo v County of Rockland*, 134 AD2d 594, 594 [1987]). Certain matters relating to the family have been determined to be fundamental rights, such as marriage and divorce (*see Boddie v Connecticut*, 401 US 371, 376 [1971]).

Here, the parties stopped living together as husband and wife in 1993. The trial to adjudicate the divorce and ancillary relief commenced in or about 2005, and was conducted over the span of two years, encompassing approximately 42 court dates. As of this date, no trial decision has been rendered, thus foreclosing the possibility of the entry of a judgment of divorce, even though the last date of the trial occurred more than five years ago. Given these particular facts, I believe that, in order to protect the fundamental rights of the parties and the integrity of the judicial process, we should be constrained to conclude that the

Supreme Court erroneously denied the plaintiff's motion for a mistrial.

Furthermore, we have previously recognized that an adjournment of unreasonable length can necessitate the declaration of a mistrial (*see Scarola v St. Vincent's Med. Ctr. of Richmond*, 154 AD2d 364, 364 ["In view of the fact that the plaintiff had previously been granted numerous adjournments of her trial . . . the court did not improvidently exercise its discretion in denying another such request made in midtrial for an adjournment *so lengthy that it would necessitate a mistrial*" (emphasis added)]). Certainly, the resolution of the instant case has been extended beyond any reasonable bounds.

Unless we act, the parties, their counsel, and the courts, like the mythical Sisyphus, face only the certainty of waking each morning to find the litigation stone they rolled up the hill toward completion back where it started the day before, awaiting a renewed and futile effort.

Thus, while the majority has afforded deference to the discretion of the Supreme Court, the unique and troubling facts of this matter militate in favor of a contrary result, and mandate finality. Accordingly, I would reverse the order denying the plaintiff's motion to recuse the trial justice and declare a mistrial. I would further direct that, on remittal, the Supreme Court promptly assign a new justice to try this case day-to-day, until conclusion.