■ LAURA VILLANOVA et al., Appellants, v KING KULLEN SUPERMARKETS et al., Respondents.—Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered on or about April 24, 1989, *inter alia,* granting defendants' motions (CPLR 3211 [a] [5]) to dismiss the complaint due to the expiration of the three-year Statute of Limitations (CPLR 214), unanimously affirmed, without costs.

The sole issue presented on appeal is whether plaintiffs were entitled to the benefit of CPLR 205 (a) upon dismissal of their initial verified complaint for failure to proceed. CPLR 205 (a) provides that upon dismissal of an action other than by "voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same [cause of action] within six months after the termination". Plaintiffs' failure to appear and the subsequent dismissal of the original action constituted a dismissal "for neglect to prosecute" within the meaning of CPLR 205 (a). *(Laffey v City of New York,* 72 AD2d 685 [1st Dept 1979], *affd* 52 NY2d 796 [1980]; *Wright v Defelice & Son,* 22 AD2d 962 [2d Dept 1964], *affd* 17 NY2d 586 [1966].) That the same court which dismissed the original complaint decided the motions resulting in the order appealed supports this conclusion. *(See, Schuman v Hertz Corp.,* 17 NY2d 604 [1966].) Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.