tive sentences. The crimes were separate and distinct acts (Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 842-843). (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Assault, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID BUSZAK, Respondent. (Appeal No. 1.)—Appeal unanimously dismissed *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Jefferson County Court, Clary, J.—Dismiss Indictment.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID BUSZAK, Respondent. (Appeal No. 2.)—Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Jefferson County Court for further proceedings on the indictment. Memorandum: County Court improperly dismissed the indictment. There was legally sufficient evidence before the Grand Jury to establish a prima facie case *(see, People v Avant,* 33 NY2d 265). County Court also erred in concluding that the District Attorney could not require defendant's two alibi witnesses to waive immunity as a condition to appearing before the Grand Jury. The prosecutor has broad discretion in conferring immunity upon witnesses and the exercise of this discretion is subject to review only for abuse (CPL 50.30, 190.50 [4], [6]; *People v Owens,* 63 NY2d 824; *People v Adams,* 53 NY2d 241). " 'It is well established that a defendant has no constitutional right to require the conferral of immunity on a defense witness who refuses to testify' " *(People v Howard,* 151 AD2d 990, 991, *lv denied* 75 NY2d 771, quoting *People v Vicaretti,* 54 AD2d 236, 246). Despite the inappropriate statements by the police officer and the prosecutor during their pre-Grand Jury interview of the subpoenaed alibi witnesses, the prosecutor's "obligation to warn potential witnesses of their possible liability for false statements under oath * * * [was not] emphasized to the point" where it became an "instrumen[t] of intimidation" *(People v Shapiro,* 50 NY2d 747, 761-762), and the refusal to confer immunity upon them was not an abuse of discretion. The defendant's contention that the People's appeal is untimely lacks merit. It is clear from the decision and order of September 19, 1991 that County Court in fact granted reargument, while adhering to its original decision dismissing the indictment. Notice was filed within 10 days of that superseding order *(see, People v Singleton,* 72 NY2d 845). (Appeal from