■ FANNIE GOICHBERG, Appellant, v SHAHRIAR SOTUDEH et al., Respondents.—In a medical malpractice action, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), dated June 15, 1990, which, upon a ruling at the commencement of the trial, dismissed the complaint, and (2) an order of the same court, dated November 26, 1990, which denied her motion, inter alia, to vacate the order dated June 15, 1990, dismissing the complaint, and a judgment entered August 3, 1990, thereon.

Ordered that the order dated November 26, 1990, is re-

versed, as a matter of discretion, without costs or disbursements, the plaintiff's motion is granted, and the order dated June 15, 1990, and the judgment entered August 3, 1990, are vacated, and the complaint is reinstated; and it is further,

Ordered that the appeal from the order dated June 15, 1990, is dismissed, without costs or disbursements, as academic, in light of our determination on the appeal from the order dated November 26, 1990; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The trial court dismissed the plaintiff's complaint after the plaintiff's attorney asserted that he was unable to proceed to trial as scheduled due to the unavailability of an expert witness without whose testimony the plaintiff could not establish a prima facie case. As an exercise of our discretionary review powers *(e.g., Brady v Ottaway Newspapers,* 63 NY2d 1031, 1032; *Matter of Attorney-Gen. of State of N. Y. v Katz,* 55 NY2d 1015; *Broida v Bancroft,* 103 AD2d 88, 93), we find that the trial court should have granted the application made by the plaintiff's attorney for the continuance needed.

After numerous prior adjournments for which the plaintiff cannot be held entirely responsible, the trial of this action was scheduled to begin on Thursday, May 10, 1990. The plaintiff's expert witness was advised that he would be needed for trial at some point during the week of Monday, May 14, 1990, or Monday, May 21, 1990.

On May 10, 1990, instead of directing the parties to select a jury, the court conducted another conference. Jury selection did not begin until Tuesday, May 15, 1990, because of the unavailability of jury rooms. On Friday, May 18, 1990, the jurors who had already been selected were dismissed, necessitating a further delay.

On May 18, 1990, the trial court instructed the plaintiff's attorney to be ready to proceed to trial on May 21, 1990, upon the completion of the selection of a second jury. The plaintiff's expert would have been available if called to testify on that Monday, on Tuesday, May 22, or on Wednesday, May 23. However, due to further delays not directly attributable to the plaintiff, the parties were not ready to open until Thursday, May 24. The plaintiff's expert was no longer available to testify at that time. The trial court denied the plaintiff's application for an adjournment and orally dismissed the complaint. The court later issued a written order of dismissal and still later, denied the plaintiff's motion to vacate the dismissal.

Under all the circumstances of this case, the plaintiff's attorney made reasonable efforts to secure the presence of this crucial witness and the plaintiff should not be denied her day in court because of the inflexibility of the schedule of her expert witness. Therefore, we reverse the order dated November 26, 1990, vacate the order dated June 15, 1990, and remit the matter to the Supreme Court for further proceedings. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.