■ JESSIE ROGERS, Respondent, v EUSTANCE E. CORBIN, Appellant. [614 NYS2d 233] —In a medical malpractice action, the defendant appeals from a judgment of the Supreme Court, Queens County (Lerner, J.), entered April 22, 1992, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal amount of $471,600.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages from the principal sum of $471,600 to the principal sum of $375,000 and to the entry of an amended judgment accordingly. In the event the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, with costs to the defendant payable by the plaintiff.

Contrary to the defendant's contention, the plaintiff adduced sufficient evidence from which the jury could rationally conclude that her injuries were proximately caused by the

defendant's malpractice *(see, Chazon v Parkway Med. Group,* 168 AD2d 660; *Mortensen v Memorial Hosp.,* 105 AD2d 151).

Furthermore, we are unpersuaded that the trial court improvidently exercised its discretion in denying the defendant a last minute continuance *(see, Klein v New York Tel. Co.,* 155 AD2d 644; *Balogh v H.R.B. Caterers,* 88 AD2d 136).

However, we find that the damage award deviated materially from what would be reasonable compensation to the extent indicated herein. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.