■ EDOARDO MURA et al., Appellants, v LAWRENCE A. GORDON, Respondent. [675 NYS2d 142] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County, (Roberto, Jr., J.), dated November 21, 1997, which, upon the denial of the plaintiffs' application at trial for a continuance and the granting of the defendant's cross application to dismiss the complaint, dismissed the complaint.

Ordered that the judgment is reversed, with costs, the application is granted, the cross application is denied, and the complaint is reinstated.

Although an application for a continuance is addressed to the sound discretion of the trial court, it is an improvident exercise of discretion to deny a continuance where the application is properly made, is not made for the purpose of delay, the evidence is material, and the need for a continuance did not result from the failure to exercise due diligence (*see, Evangelinos v Reifschneider,* 241 AD2d 508; *Balogh v H.R.B. Caterers,* 88 AD2d 136). In this case, two days prior to the start of trial, the plaintiffs' attorney learned for the first time that the office of his medical expert had failed to diary the trial date and that consequently, the expert had made plans to tour Italy for a month at the same time that the trial was scheduled to take place. A few days after learning of this situation, the plaintiffs' attorney applied for a "reasonable adjournment", which the court proceeded to deny. The record does not indicate that there had been any other delays in this case attributable to the plaintiffs. Notably, the plaintiffs submitted an affidavit sworn by their expert substantiating their allegations and indicating that she would be available to testify if the trial were rescheduled. The need for the continuance did not result in this case from the plaintiffs' failure to exercise due diligence. We accordingly conclude that the court's denial of the plaintiffs' application for a continuance and its dismissal of the complaint constituted an improvident exercise of discretion. O'Brien, J. P., Ritter, Friedmann and Goldstein, JJ., concur.