■ DOROTHY HERBERT et al., Respondents, v EDWARDS SUPER FOOD STORES-FINAST SUPERMARKETS, INC., Appellant. [677 NYS2d 617] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered September 12, 1997, which, upon a jury verdict finding it 75% at fault in the happening of the accident and the plaintiff Dorothy Herbert 25% at fault and finding that the plaintiff Dorothy Herbert suffered total damages in the amount of $300,000 and the plaintiff William Herbert suffered total damages in the amount of $25,000, is against it and in favor of the plaintiff Dorothy Herbert in the principal sum of $225,000 and the plaintiff William Herbert in the principal sum of $18,750.

Ordered that the judgment is affirmed, with costs.

The plaintiff Dorothy Herbert was injured when she slipped and fell inside the defendant's supermarket. After a jury trial on the issue of liability, the defendant was found to be 75% at fault in the happening of the accident and Ms. Herbert 25% at fault. Thereafter, a trial on the issue of damages was conducted during which the defendant made a last-minute request to adjourn the case so that he might attempt to secure the testimony of Ms. Herbert's private physician, Dr. Luigi Capobianco. The defendant's sole contention on appeal is that the court acted improvidently in denying the adjournment application.

As a general rule, the granting or refusing of a continuance is within the sound discretion of the trial court (*Balogh v H.R.B. Caterers*, 88 AD2d 136, 143). The record indicates that the defendant failed to exercise due diligence in obtaining the testimony of Dr. Capobianco. Although the defendant had notice more than a year before trial that Dr. Capobianco was Ms. Herbert's private physician, the defendant took no steps until the trial on the issue of damages to subpoena Dr. Capobianco's records or to secure his presence at the trial. Accordingly, we cannot conclude that the court's refusal to adjourn the trial on the issue of damages was an improvident exercise of discretion (*see, Zavurov v City of New York*, 241 AD2d 491; *Paulino v Marchelletta*, 216 AD2d 446; *Rogers v Corbin*, 204 AD2d 616; *Matter of Housing Dev. Fund Co. of Carpenters & Joiners v County of Rockland*, 134 AD2d 594; *Vogelhut v Waldbaum's Supermarket*, 127 AD2d 590). O'Brien, J. P., Sullivan, Joy and Friedmann, JJ., concur.