■ DEBORAH ORTOLANI et al., Appellants, v TOWN OF HEMPSTEAD, Defendant, AMERICAN REF-FUEL COMPANY OF HEMPSTEAD, INC., et al., Respondents, W.D. SERVICE CO., INC., Defendant and Third- and Fifth-Party Plaintiff-Respondent, and NASSAU-SUFFOLK BLUEPRINTING COMPANY, INC., Fourth-Party Plaintiff-Respondent. NATIONAL AMMONIA COMPANY, INC., Third-Party Defendant-Respondent; DIFAZIO ELECTRIC, INC., Fourth- and Fifth-Party Defendant-Respondent; EPIC INSTRUMENTS, INC., Fourth-Party Defendant-Respondent. [682 NYS2d 88] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from a decision of the Supreme Court, Nassau County (Roberto, J.), dated October 31, 1997, (2), as limited by their brief, from so much of an order of the same court, dated January 14, 1998, as, upon reargument, adhered to the prior decision, (3) from a judgment of the same court, entered January 26, 1998, which, *inter alia,* dismissed the complaint and all cross claims insofar as asserted against the defendants American Ref-Fuel Company of Hempstead, American Re-Fuel Construction of Hempstead, Inc., United Engineers & Catalytic, Inc., Blu-Ray, Inc., Nassau-Suffolk Blueprinting Company, Inc., Ernest W. Lopez, individually and d/b/a E.W.L. Sales & Service, and W.D. Service Co., Inc., and (4) from an order of the same court, entered April 13, 1998, which denied their motion to vacate the judgment entered January 26, 1998.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated January 14, 1998, is dismissed, as no appeal lies from an order made upon reargument of a decision (*see, Stockfield v Stockfield,* 131 AD2d 834); and it is further,

Ordered that the judgment entered January 26, 1998, and the order entered April 13, 1998, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The issues raised on the appeals from the decision and the order dated January 14, 1998, are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The law is clear that the granting of an adjournment is a matter resting in the sound discretion of the trial court (*see, Matter of Anthony M.,* 63 NY2d 270, 283; *Zavurov v City of New York,* 241 AD2d 491; *Balogh v H.R.B. Caterers,* 88 AD2d 136, 141-142). Under the circumstances of this case, including the parties' stipulation setting a trial date with no further adjournments, it cannot be said that the Supreme Court improvidently exercised its discretion in denying the plaintiffs' request for a two-month adjournment. Accordingly, the Supreme Court properly dismissed the complaint and the cross claims based on the plaintiffs' refusal to proceed (*see,* 22 NYCRR 202.27; *Brown v Data Communications,* 236 AD2d 499; *Cromartie v New York City Tr. Auth.,* 113 AD2d 915). Rosenblatt, J. P., Ritter, Copertino and Thompson, JJ., concur.