■ CORONET CAPITAL COMPANY, Plaintiff, v ROSALIND T. SPODEK, Doing Business as COLLEGE PROPERTIES et al., Appellants-Respondents, et al., Defendants, and LAURENCE J. GOLD, as Temporary Receiver, Respondent-Appellant. [696 NYS2d 687] —In an action, *inter alia,* to foreclose a mortgage, the defendants Rosalind T. Spodek d/b/a College Properties and J. Leonard Spodek appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), entered February 6, 1998, as, in effect, denied their motion for an adjournment, and, after a hearing, awarded an attorney's fee to the temporary receiver's attorneys, and (2) from an order of the same court, dated June 5, 1997, which denied their motion to reopen the hearing, and the temporary receiver cross-appeals from so much of the order entered February 6, 1998, as limited his commission to 5% of the gross receipts collected during the receivership.

Ordered that the order entered February 6, 1998, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 5, 1997, is affirmed, without costs or disbursements.

It is well settled that "applications for adjournments for any purpose are ordinarily addressed to the trial court's sound discretion" (*Cuevas v Cuevas,* 110 AD2d 873, 877; *see, People v Spears,* 64 NY2d 698, 699-700; *Treppeda v Treppeda,* 212 AD2d 592). Here, the Supreme Court did not improvidently exercise its discretion when it denied the motion for an adjournment.

Contrary to the temporary receiver's contention, the court properly determined that he is entitled to the 5% maximum statutory commission (*see, Coronet Capital Co. v Spodek,* 202 AD2d 20).

The appellants-respondents' remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.