■ In the Matter of the Estate of JUDAH L. WEINSTOCK, Also Known as JUDA L. WEINSTOCK, Deceased. UNITED LUBAVITCHER YESHIVOTH, Appellant; JOSEF WINEBERG et al., Respondents. [728 NYS2d 46] —In a proceeding pursuant to SCPA 2205 to compel an accounting, the petitioner appeals, as limited by its brief, from so much of an order of the Surrogate's Court, Kings County (Feinberg, S.), dated September 25, 2000, as, in effect, denied its motion to reject the recommendation in the eighth report of the Special Referee (Laurino, R.), dated July 19, 1999, that its application for an adjournment of a hearing be denied, denied that branch of its cross motion which was to reject the recommendation in the Special Referee's ninth report, dated September 13, 1999, that it be held in default and precluded from offering evidence on the issue of its standing to bring the proceeding, confirmed those recommendations, and, in effect, dismissed the petition.

Ordered that the order is reversed insofar as appealed from, with costs payable by the respondents personally, the motion is granted, that branch of the cross motion which was to reject the recommendation in the ninth report that it be held in default and precluded from offering evidence on the issue of its

standing to bring the proceeding is granted, and the petition is reinstated.

The decision to grant or deny an adjournment is a matter within the sound discretion of the trial court (*see, Herbert v Edwards Super Food Stores-Finast Supermarkets,* 253 AD2d 789; *Natoli v Natoli,* 234 AD2d 591). The petitioner sought a 30-day adjournment of a hearing on the issue of standing to enable its newly-retained counsel to prepare and to ensure that discovery would be completed. Under the circumstances, the denial of an adjournment was an improvident exercise of discretion (*see, McGhee v McGhee,* 263 AD2d 530; *Matter of Treger,* 251 AD2d 1067; *Stock v Stock,* 127 AD2d 829).

While the nature and degree of the penalty to be imposed for failure to comply with discovery demands is a matter within the discretion of the trial court, the penalty of preclusion is an extreme one, and is warranted only where the failure to disclose was willful or contumacious (*see, Maillard v Maillard,* 243 AD2d 448, 449; *Garcia v Kraniotakis,* 232 AD2d 369, 370). Contrary to the determination of the Surrogate's Court, no such showing was made here. Although the petitioner was less than prompt in disclosing the documents demanded, the petitioner attempted to comply. In addition, with respect to depositions, the respondents failed to timely serve the deposition subpoenas on the petitioner's trustees. In light of this untimely service, and that some of the petitioner's trustees did appear while others attempted to excuse their failure to appear, the conclusion of the Surrogate's Court that the petitioner willfully failed to comply with discovery demands was unwarranted (*see, Hanson v City of New York,* 227 AD2d 217; *Harris v City of New York,* 211 AD2d 663; *Lestingi v City of New York,* 209 AD2d 384). Consequently, the petition should be reinstated, providing the petitioner with an opportunity to have the issue of standing determined on the merits. If that issue or any further matters in this proceeding are to be determined before a Special Referee, a different referee must be appointed.

In light of our determination, we need not address the petitioner's remaining contentions. Altman, J. P., Friedmann, Goldstein and Cozier, JJ., concur.