■ LORRI STEVENS, as Mother and Natural Guardian of DAVINA STEVENS, an Infant, Appellant, v AUBURN MEMORIAL HOSPITAL, Defendant, and ROBERT E. LUBANSKI, M.D., Respondent. [730 NYS2d 608] —Order unanimously reversed on the law without costs, order of dismissal vacated, motion denied and complaint against defendant Robert E. Lubanski, M.D. reinstated. Memorandum: Plaintiff commenced this action against defendants, Auburn Memorial Hospital (Hospital) and Robert E. Lubanski, M.D., seeking damages for injuries sustained by her infant daughter during birth. Plaintiff thereafter filed a note of issue and certificate of readiness for trial, and a trial was scheduled for February 14, 2000. Lubanski then sought an adjournment of the trial, and plaintiff stipulated to that adjournment. The trial was rescheduled for May 8, 2000. Plaintiff's expert disclosure notice indicates that it would be sent to both Lubanski and the Hospital, but the affidavit of service indicates that it was served on the Hospital only, in February 2000. In early May, plaintiff's counsel advised Supreme Court that the expert, who resided in Florida, was ill and would be unable to attend the trial as scheduled. Plaintiff sought an adjournment of the trial until September. The court refused to grant the adjournment without the consent of defendants, and advised plaintiff to seek that consent. The court also advised plaintiff that it expected

plaintiff to go forward on May 8 and that, if plaintiff was unable to do so, plaintiff had to advise the court so that the jury pool could be canceled. Lubanski denied plaintiff's request and informed plaintiff that he intended to seek dismissal of the complaint because he had not received the expert disclosure notice.

Plaintiff advised the court by letter dated May 4 to cancel the jury pool because the expert remained unable to attend the trial, and plaintiff sought a conference on the discovery issue raised by Lubanski. By late afternoon on May 4 or on May 5, plaintiff learned that the expert would be able to attend the trial the following week. On May 8, the action against the Hospital was discontinued on the consent of plaintiff. Also on May 8, plaintiff sought a two-day adjournment so that the discovery issue could be resolved and the expert could travel from Florida. In response, Lubanski moved to dismiss the complaint based upon the lack of expert disclosure. The court dismissed the complaint based upon both the lack of expert disclosure and the fact that plaintiff was not prepared to go forward with the trial. Plaintiff then moved to reargue Lubanski's motion. The court in effect granted reargument and, upon reargument, adhered to its prior decision. Thus, this appeal is properly before us (*see generally, People v Buszak* [appeal No. 2], 185 AD2d 621).

The court erred in adhering to its prior decision dismissing the complaint. Plaintiff established that her failure to serve Lubanski with the expert disclosure notice was inadvertent, and "it is well settled the harsh remedy of [dismissal] should be granted only where it is conclusively shown that the discovery default was deliberate or contumacious" (*Gadley v U.S. Sugar Co.*, 259 AD2d 1041, 1042; *see, Roof v Bogdanski*, 174 AD2d 1046). In addition, "[a]lthough an application for a continuance is addressed to the sound discretion of the trial court, it is an improvident exercise of discretion to deny a continuance where the application is properly made, is not made for the purpose of delay, the evidence is material, and the need for a continuance did not result from the failure to exercise due diligence" (*Mura v Gordon*, 252 AD2d 485). Here, plaintiff's requests for adjournments on May 4 and May 8 did not result from the failure to exercise due diligence (*cf., Harper v Han Chang*, 267 AD2d 1011; *Herbert v Edwards Super Food Stores-Finast Supermarkets*, 253 AD2d 789). The record does not indicate that any other delays were attributable to plaintiff, and there is no question that the testimony of plaintiff's expert is material.

We therefore reverse the order, vacate the order of dismissal, deny the motion of Lubanski, and reinstate the complaint against him. (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Dismiss Pleading.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.