■ FRANK MACALUSO, Respondent, v JANET STATFELD, Appellant. [742 NYS2d 838] —Order, Supreme Court, New York County (Milton Tingling, J.), entered June 26, 2001, which denied defendant's motion to dismiss for failure to state a cause of action or as barred by the statute of limitations, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint as against her.

Plaintiff's initial action, which sought damages for personal injuries sustained in a 1993 occurrence, was dismissed in April 2000 after he failed to appear for trial. Subsequently, plaintiff commenced a second action in October 2000 based upon the same cause of action as the dismissed action. Defendant then moved to dismiss, contending that the first action had been dismissed for neglect to prosecute and that the second action was precluded by the statute of limitations. The motion court denied the motion and defendant appeals. We reverse.

In pertinent part, CPLR 205 (a) provides that upon dismissal of an action other than by a dismissal of the complaint for neglect to prosecute, a plaintiff may commence a new action based upon the same cause of action within six months after the termination. Plaintiff's failure to appear for trial on his original action constituted a dismissal for neglect to prosecute within the meaning of CPLR 205 (a) (*see, Laffey v City of New York*, 72 AD2d 685, *affd* 52 NY2d 796; *Villanova v King Kullen Supermarkets*, 163 AD2d 203). Accordingly, plaintiff is not entitled to the time-extending protection of CPLR 205 (a) and the second action is time-barred. Concur—Williams, P.J., Saxe, Buckley, Rosenberger and Lerner, JJ.