■ CANTONI ITC USA, INC., Appellant, v MILANO INTERNATIONAL, INC., Respondent. [751 NYS2d 308] —In an action, inter alia, to recover payment for the sale of goods, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (D'Emilio, J.H.O.), entered September 26, 2001, which, after a nonjury trial, and upon the granting of the defendant's application pursuant to CPLR 4401 for judgment in its favor as a matter of law, is in favor of the defendant and against it, dismissing the complaint.

Ordered that the judgment is reversed, as a matter of discretion, the application is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial, with costs to abide the event.

This action was commenced to recover the sum of $148,048.75 allegedly due from the defendant for clothing sold and delivered by the plaintiff. At trial, the plaintiff sought to rely upon a computer printout to establish a prima facie case. Unable to establish a foundation for the admission of that evidence through the witness it called, the plaintiff's credit manager, the plaintiff requested an adjournment to subpoena the company's former controller. The Supreme Court denied the request. Thereafter, the Supreme Court granted the defendant's application for judgment as a matter of law, and dismissed the complaint. We reverse.

The Supreme Court properly determined that the plaintiff did not establish a sufficient foundation for the admissibility of the printout as a business record (*see* CPLR 4518 [a]; *Speirs v Not Fade Away Tie Dye Co.,* 236 AD2d 531, 532).

The decision to grant a continuance is ordinarily committed to the sound discretion of the trial court (*see Klein v New York Tel. Co.,* 155 AD2d 644, 645). In deciding such applications, the court must "indulge in a balanced consideration of all relevant factors" (*Wilson v Wilson,* 97 AD2d 897, 898). The Supreme Court's denial of a continuance of this nonjury trial for a reasonable length of time to enable the plaintiff to produce its for-

mer controller to establish a foundation for the admissibility of the printout was an improvident exercise of discretion. It appears that the testimony of the former controller was material and relevant. Thus, a brief adjournment in this nonjury trial was not likely to cause any prejudice to the defendant, and the plaintiff's attorney did not fail to exercise due diligence (*cf. Wai Ming Ng v Tow,* 260 AD2d 574; *Balogh v H.R.B. Caterers,* 88 AD2d 136, 141).

Accordingly, the plaintiff should have been granted the short adjournment it sought in order to produce the witness. Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.