■ JOSEPH BARRAFATO et al., Appellants, v VINCENT FRANZITTA et al., Respondents. [764 NYS2d 639] —In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Mason, J.), dated April 3, 2001, which granted the motion of the defendants Vincent Franzitta and Anna Franzitta, and the separate motion of the defendants Tremendous Deli & Grocery Corp. and Gamal A. Hanif, also known as Gamal Hanaif, for summary judgment dismissing the complaint insofar as asserted against them, upon the plaintiffs' default in opposing the motions, and (2) an order of the same court dated July 27, 2001, which denied their motion for leave to renew and reargue the motions for summary judgment and/or to vacate the order dated April 3, 2001.

Ordered that the appeal from the order dated April 3, 2001, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see* CPLR 5511); and it is further,

Ordered that the appeal from so much of the order dated July 27, 2001, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 27, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Applications for adjournments are committed to the sound discretion of the court (*see Coronet Capital Co. v Spodek,* 265 AD2d 291, 292 [1999]; *Ortolani v Town of Hempstead,* 256

AD2d 451 [1998]; *cf. Matter of Weinstock*, 283 AD2d 511 [2001]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiffs' application for an adjournment of the return date of the motion of the defendants Vincent Franzitta and Anna Franzitta, and the separate motion of the defendants Tremendous Deli & Grocery Corp. and Gamal A. Hanif, also known as Gamal Hanaif, for summary judgment dismissing the complaint insofar as asserted against them (*see Matter of Lovick*, 201 AD2d 736, 737 [1994]; *see also Zavurov v City of New York*, 241 AD2d 491, 493 [1997]). Since the plaintiffs possessed most of the evidence they claimed they needed to oppose the defendants' motions, including a purported dying declaration of the decedent, the plaintiffs failed to establish a reasonable excuse for their default in answering the summary judgment motions (*see Juarbe v City of New York*, 303 AD2d 462 [2003]; *Farraj v Otsego Mut. Fire Ins. Co.*, 227 AD2d 585, 586 [1996]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the order dated April 3, 2001.

In view of the foregoing, it is unnecessary to reach the plaintiffs' remaining contentions. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.