■ CASSANDRA CANTY, Respondent, v LAWRENCE MCLOUGHLIN, Appellant. [791 NYS2d 625]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered November 20, 2003, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $74,663.01.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

Although an application for an adjournment is addressed to the sound discretion of the trial court (*see Matter of Anthony M.,* 63 NY2d 270, 283 [1984]), the Supreme Court improvidently exercised its discretion in denying the application of the defendant for a brief adjournment. The plaintiff rested at 3:30 P.M. on the first day of trial and the defendant requested an adjournment until 9:30 the next morning to present a witness. The defendant's proffered evidence was material, the need for the adjournment did not result from the defendant's failure to exercise due diligence and, despite the history of this case, there was no evidence that the adjournment was made for the purpose of delay. Thus, the adjournment should have been granted and the failure to do so requires a new trial (*see Azapinto v Jamaica Hosp.,* 297 AD2d 301 [2002]; *Matter of Shepard,* 286 AD2d 336, 337 [2001]; *Wai Ming Ng v Tow,* 260 AD2d 574, 574 [1999]).

The defendant's remaining contentions have been rendered academic in light of our determination. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.