■ OLIVIA HODGES, Appellant, v CITY OF NEW YORK, Respondent. [801 NYS2d 767]—In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated March 4, 2004, which denied her motion to strike the defense of the statute of limitations, granted the defendant's cross motion for summary judgment dismissing the complaint, and dismissed the complaint.

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Harkavy, J.), dated January 5, 2005, which, upon the denial of her application, in effect, for a continuance of the trial, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, without costs or disbursements, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

In November 1999 the plaintiff brought this action to recover damages for injuries sustained in a fall which occurred on March 30, 1999, at 877 Rockaway Avenue in Brooklyn. When the action appeared on the Supreme Court's trial calendar on July 7, 2003, the plaintiff made an application for an adjournment based on the asserted unavailability of her doctor. Although that application was denied, Justice Joseph F. Bruno directed the plaintiff to work out any problems with the doctor after picking the jury. Jury selection took place on July 8, 2003 and the case appeared for trial on July 10, 2003 before Justice Ira B. Harkavy, at which time the plaintiff's attorney made an application, in effect, for a continuance (although denominated as one for a mistrial and to disband the jury), this time alleging that the plaintiff's doctor might no longer be willing to testify even if subject to subpoena. In opposing the application, the defendant's counsel did not assert that the action had been or was being delayed or that prejudice would be occasioned to the defendant by a grant of the relief sought by the plaintiff. Nonetheless, Justice Harkavy denied the plaintiff's application and dismissed the complaint.

On appeal, the plaintiff's sole contention is that the Supreme Court improvidently exercised its discretion in denying her application on July 10, 2003, in effect, for a continuance (*see Byrnes v Varlack*, 17 AD3d 616 [2005]; *Canty v McLoughlin*, 16 AD3d 449 [2005]; *Jun-Yong Kim v A&J Produce Corp.*, 15 AD3d 251 [2005]; *Conde v Williams*, 6 AD3d 569 [2004]; *Azapinto v Jamaica Hosp.*, 297 AD2d 301 [2002]), because the witness's testimony was material, the application was timely made for purpose other than a mere delay of the trial, and the need for

the continuance did not result from the plaintiff's failure to exercise due diligence, since the doctor's resistance to testify was only recently made known (*see Matter of Shepard*, 286 AD2d 336 [2001]; *Matter of Weinstock*, 283 AD2d 511 [2001]). Thus, a new trial should be granted (*see Shenorock Shore Club v Rollins Agency*, 270 AD2d 330 [2000]; *cf. Scarola v St. Vincent's Med. Ctr. of Richmond*, 154 AD2d 364 [1989]; *Herbert v Edwards Super Food Stores-Finast Supermarkets*, 253 AD2d 789 [1998]; *Ortolani v Town of Hempstead*, 256 AD2d 451 [1998]; *Villanova v King Kullen Supermarkets*, 163 AD2d 203 [1990]; *Macaluso v Statfeld*, 295 AD2d 147 [2002]). Moreover, Justice Bruno previously indicated that the court would take into consideration the plaintiff's inability to obtain medical testimony from the plaintiff's treating physician. That ruling was not properly considered by Justice Harkavy in dismissing the complaint. Under these circumstances the continuance should have been granted and the failure to do so requires a new trial (*see Canty v McLoughlin, supra*). Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.