■ IRENA ZYSK, Appellant, v LEONARD M. BLEY, Defendant, and BROOKLYN EYE SURGERY CENTER, LLC, Respondent. [806 NYS2d 705]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), dated February 28, 2005, which, upon an order of the same court dated June 16, 2004, granting the motion of the defendant Brooklyn Eye Surgery Center, LLC, to dismiss the complaint insofar as asserted against it for failure to establish a prima facie case at trial, is in favor of the defendant Brooklyn Eye Surgery Center, LLC, and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, the motion is denied, the complaint is reinstated insofar as asserted against the defendant Brooklyn Eye Surgery Center, LLC, the order dated June 16, 2004, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

The record indicates that on the afternoon of Monday, March 22, 2004, the plaintiff's attorney implored the Supreme Court to briefly adjourn the trial of this action until his expert doctor was available to testify the following afternoon or on Thursday, March 25th. This request was denied due to the trial judge's own unavailability on Tuesday afternoon and the defense counsel's unwillingness to postpone the scheduled testimony of his expert witnesses. The action was thereafter dismissed on the ground that the plaintiff was not able to proceed and failed to prove a prima facie case.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's request for a brief continuance until her medical expert was available to testify (*see Hodges v City of New York,* 22 AD3d 525 [2005]; *Byrnes v Varlack,* 17 AD3d 616 [2005]; *Conde v Williams,* 6 AD3d 569 [2004]; *Romero v City of New York,* 260 AD2d 461 [1999]; *Mura v Gordon,* 252 AD2d 485 [1998]; *Josephson v Higgins,* 243 AD2d 444 [1997]; *Goichberg v Sotudeh,* 187 AD2d 700 [1992]). There is no indication in the record that the request for a continuance was made for the purpose of delay, or that the need for the continuance resulted from the plaintiff's failure to exercise due diligence. The plaintiff's counsel explained that his expert doctor was only available to testify on Tuesday and Thursday of that week, and was performing surgeries on Monday and Wednesday which he could not reschedule. As late as the afternoon of Friday, March 19th, the plaintiff's attorney had planned to call as a fact witness the doctor who had performed an independent medical examination of the plaintiff on behalf of the defendant. It was not until that Friday afternoon, March 19th, that the Supreme Court denied the plaintiff's request to call this witness and directed counsel to produce his expert witness on Monday. This unexpected directive precipitated the expert witness scheduling problem.

The plaintiff correctly contends that she should be given the opportunity to call the defendant's examining physician as a fact witness if she so chooses (*see Gilly v City of New York,* 69 NY2d 509, 512 [1987]; *Bevilacqua v Gilbert,* 143 AD2d 213, 214 [1988]). The physician's testimony shall be limited to an examination of the conclusions formulated and discussed in his report. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.