■  JACK NOTRICA et al., Appellants, v NORTH HILLS HOLDING COMPANY, LLC, Doing Business as THE CHATHAM AT NORTH HILLS, Respondent. [842 NYS2d 577]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered January 13, 2006, which, after a nonjury trial, and upon the granting of the defendant's motion, in effect, pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the complaint is reinstated, the motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

In July 2002 the plaintiffs entered into an agreement to purchase a newly-constructed single-family house from the defendant builder. After closing on their house, the plaintiffs commenced this action alleging, among other things, that they had paid for certain upgrades and extras which either were not provided or were improperly installed. During the course of a nonjury trial, the plaintiffs called a building inspector as an expert witness to testify regarding alleged defects in the construction of the house, including those pertaining to the upgrades and extras, and to the cost of repairing the defects. However, before cross-examination of the expert witness could be completed, the court adjourned the trial to allow the defendant's attorney to take care of a personal matter. Although the plaintiffs' expert witness returned on the adjourned date, he left the courthouse when a dispute arose as to whether he was entitled to an additional fee for a second appearance. After the plaintiffs' attorney explained why the expert witness was not present, the defendant's attorney moved to strike the expert's testimony on the ground that cross-examination had not been completed. The plaintiffs' attorney responded by requesting a brief continuance so that he could have an opportunity to either get the expert witness back, or secure a new expert. The court denied the plaintiffs' request for a continuance and granted the defendant's motion to strike the expert witness's testimony.

The court then granted the defendant's motion, in effect, pursuant to CPLR 4401 to dismiss the complaint on the ground that the plaintiffs had failed to prove all of the elements of a breach of contract claim, including damages.

On appeal, the plaintiffs contend that the trial court improvidently exercised its discretion in denying their application for a brief continuance to secure the attendance of their expert witness. We agree. "Although an application for a continuance is addressed to the sound discretion of the trial court, it is an improvident exercise of discretion to deny a continuance where the application is properly made, is not made for the purpose of delay, the evidence is material, and the need for a continuance did not result from the failure to exercise due diligence" (*Mura v Gordon,* 252 AD2d 485 [1998]; *see Hughes v Webb,* 40 AD3d 1035 [2007]; *Lila v Bata,* 33 AD3d 875 [2006]; *Zysk v Bley,* 24 AD3d 757 [2005]; *Hodges v City of New York,* 22 AD3d 525 [2005]; *Cantoni ITC USA v Milano Intl.,* 300 AD2d 334 [2002]; *Stevens v Auburn Mem. Hosp.,* 286 AD2d 965 [2001]). Here, the expert witness's testimony was material, and there is no indication in the record that the continuance was requested for the purpose of delay, or that the need for a continuance resulted from the plaintiffs' failure to exercise due diligence. To the contrary, the need for a continuance resulted from an unanticipated circumstance which arose when the expert witness appeared at the courthouse but refused to complete his testimony due to a fee dispute. Accordingly, the Supreme Court should have granted the plaintiffs' request for a continuance (*see Hughes v Webb,* 40 AD3d at 1035; *Lila v Bata,* 33 AD3d at 875; *Zysk v Bley,* 24 AD3d at 757; *Hodges v City of New York,* 22 AD3d at 525; *Cantoni ITC USA v Milano Intl.,* 300 AD2d at 334; *Mura v Gordon,* 252 AD2d at 485; *Stevens v Auburn Mem. Hosp.,* 286 AD2d at 965). Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.