■ NOBLE THREAD CORP., Appellant, v NOBLE GROUP CORP. et al., Respondents. [847 NYS2d 668]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Rosen, R.), entered March 12, 2007, which, upon the granting of the motion of the defendants Paul Chu and James Chen pursuant to CPLR 4401 for judgment in their favor as a matter of law made at the close of the plaintiff's

case, is in favor of those defendants and against it dismissing the complaint insofar as asserted against them.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

The plaintiff contends that the Referee should have granted its request for a continuance of the nonjury trial in this case so that it could present testimony from a witness who was undergoing treatment for a serious illness and thus unavailable to testify on the day of the trial. Under the unique circumstances of this case, we agree.

Here, prior to trial, the plaintiff informed a Justice of the Supreme Court that it would seek to elicit material testimony from the prospective witness but that this essential witness would be undergoing surgery, and thus would become unavailable. The Justice did not conduct a trial, but instead assigned the matter to the Referee. At the ensuing trial before the Referee, the plaintiff sought to establish that the defendant James Chen executed certain guarantees that are the subject of the action. When Chen failed to appear at the trial, and the plaintiff's attempts to otherwise establish Chen's execution of the subject guarantees were rejected by the Referee, the testimony of the prospective witness became indispensable to the plaintiff's case. Although the plaintiff's prospective witness was still unavailable to testify, the Referee denied the plaintiff's motion for an adjournment. The Referee thereafter granted the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment in their favor as a matter of law. We reverse and grant a new trial.

An application for an adjournment is addressed to the sound discretion of the trial court (*see Matter of Steven B.*, 6 NY3d 888 [2006]; *Coronet Capital Co. v Spodek*, 265 AD2d 291 [1999]), and requires the court to "undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651 [2006]). There is no indication in the record that the plaintiff sought the continuance for the purpose of delay, or that the requested relief would have caused any prejudice to the defendants. Accordingly, the Referee improvidently exercised his discretion in refusing to grant a continuance (*see Notrica v North Hills Holding Co., LLC*, 43 AD3d 1119 [2007]; *Matter of Allstate Ins. Co. v Joseph*, 35 AD3d 730 [2006]; *Lila v Bata*, 33 AD3d 875 [2006]; *Hodges v City of New York*, 22 AD3d 525 [2005]; *Cantoni ITC USA v Milano Intl.*, 300 AD2d 334 [2002]; *Mura v Gordon*, 252 AD2d 485 [1998]).

In light of our determination, we need not consider the plaintiff's remaining contentions. Santucci, J.P., Skelos, Lifson and Carni, JJ., concur.