■ Anthony Verdi et al., Appellants-Respondents, v Victor T. Ho et al., Respondents-Appellants. [897 NYS2d 235]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated June 11, 2009, as, upon reargument, adhered to a prior determination in an order dated November 3, 2008, in effect, denying the plaintiff's application, in effect, for a continuance, and granting the defendants' application to dismiss the amended complaint, and the defendants cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [a]); and it is further,

Ordered that the order dated June 11, 2009, is reversed insofar as appealed from, on the law, and, upon reargument, the order dated November 3, 2008, is vacated, the plaintiff's application, in effect, for a continuance is granted, and the defendant's application to dismiss the amended complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents.

A week prior to the scheduled trial date of this action, the plaintiffs discovered that their medical expert had elected not to testify at trial. Accordingly, the plaintiffs' attorney, in effect, made an application for a continuance in order to obtain a new expert. In response, the defendants' counsel made an application to dismiss the amended complaint. By order dated November 3, 2008, the Supreme Court denied the plaintiffs' application and granted the defendants' application, dismissing the amended complaint with prejudice. Upon reargument, by order dated June 11, 2009, the Supreme Court, inter alia, adhered to so much of its original determination as granted the defendants' application to dismiss the amended complaint. We reverse the order dated June 11, 2009, insofar as appealed from.

"Although an application for a continuance is addressed to the sound discretion of the trial court, it is an improvident exercise of discretion to deny a continuance where the application is properly made, is not made for the purpose of delay, the evidence is material, and the need for a continuance did not result from the failure to exercise due diligence" (Mura v Gordon, 252 AD2d 485 [1998]; see Notrica v North Hills Holding Co., LLC, 43 AD3d 1119, 1120 [2007]; Romero v City of New York, 260 AD2d 461 [1999]). Balancing the appropriate factors, the Supreme Court improvidently exercised its discretion in, in effect, denying the plaintiffs' application, in effect, for a continuance and in granting the defendants' application to dismiss the amended complaint.

The cross appeal must be dismissed as abandoned, as the defendants do not seek reversal or modification of any portion of the order (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586, 587 [2009]). Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.