■ DAVID BLACK, Individually and as Administrator of the Estate of FLORENCE BLACK, Deceased, Appellant, v ST. LUKE'S CORNWALL HOSPITAL, Respondent. [976 NYS2d 562]—

In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Onofry, J.), dated January 23, 2012, which denied his oral application for a continuance and granted the defendant's oral application to dismiss the complaint, and (2) so much of an order of the same court dated September 4, 2012 as, upon renewal and reargument, adhered to the prior determination in the order dated January 23, 2012.

Ordered that the appeal from the order dated January 23, 2012, is dismissed, as that order is not appealable as of right, and, in any event, was superseded by the order dated September 4, 2012, made upon renewal and reargument; and it is further,

Ordered that the order dated September 4, 2012, is reversed insofar as appealed from, on the facts and in the exercise of discretion, upon renewal and reargument, the order dated January 23, 2012, is vacated, the plaintiff's application for a continuance is granted, and the defendant's application to dismiss the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"An application for a continuance or adjournment is addressed to the sound discretion of the trial court, and the grant or denial thereof will be upheld on appellate review if the trial court providently exercised its discretion" (Nieves v Tomonska, 306 AD2d 332, 332 [2003]; see Matter of Winfield v Gammons, 105 AD3d 753, 754 [2013]; Diamond v Diamante, 57 AD3d 826, 827 [2008]; Noble Thread Corp. v Noble Group Corp., 46 AD3d 778, 779 [2007]). However, " 'it is an improvident exercise of discretion to deny a continuance where the application is properly made, is not made for the purpose of delay, the evidence is material, and the need for a continuance did not result from the failure to exercise due diligence' " (Verdi v Ho, 71 AD3d 1004, 1005 [2010], quoting Mura v Gordon, 252 AD2d 485, 485 [1998]; see Notrica v North Hills Holding Co., LLC, 43 AD3d 1119, 1120 [2007]; Lila v Bata, 33 AD3d 875 [2006]).

Here, the Supreme Court improvidently exercised its discretion in, inter alia, denying the plaintiff's oral application for a brief continuance of the trial due to the unavailability of his

expert doctor on the newly scheduled trial date and in granting the defendant's oral application to dismiss the complaint. While the plaintiff and his expert were ready to proceed to trial on October 11, 2011, which date had been established several months earlier, the Supreme Court notified the parties by letter dated October 4, 2011, that, due to "a scheduling conflict," the trial would commence on October 24, 2011. In response, the plaintiff's counsel, by letter dated October 5, 2011, informed the Supreme Court that the new date presented a scheduling conflict and requested a conference. However, the Supreme Court, in a letter dated October 14, 2011, instructed counsel to be prepared to go forward on October 24, 2011. On that date, the Supreme Court, among other things, denied a request by the plaintiff's counsel for a one-week continuance in order to secure his expert. Although the case had been pending for several years and had been adjourned several times, due in significant part to the ill health and subsequent death of the plaintiff's decedent, not all of the adjournments were attributable to the plaintiff. In fact, the adjournment of the October 11, 2011, trial date to October 24, 2011, was solely attributable to the Supreme Court. As this unexpected directive precipitated the scheduling problem with the plaintiff's expert witness and there was no indication in the record that the request for a continuance was made for the purpose of delay or that the need for it was the result of the plaintiff's failure to exercise due diligence, the request for a brief continuance should have been granted (*see Zysk v Bley*, 24 AD3d 757, 758 [2005]). Accordingly, the Supreme Court should have, upon renewal and reargument, vacated its prior determination, inter alia, denying the plaintiff's oral application for a continuance and granting the defendant's oral application to dismiss the complaint, and thereupon granted the plaintiff's application for a continuance and denied the defendant's application to dismiss the complaint.

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Sgroi, Cohen and Miller, JJ., concur.