■ In the Matter of Frank A.L., Respondent-Appellant, v Marjorie Vaccarelli et al., Appellants-Respondents. [985 NYS2d 618]—

In a guardianship proceeding in which the guardian of the person and property of Rose L., an incapacitated person, petitioned pursuant to Mental Hygiene Law § 81.43 to recover certain property withheld from the estate of the incapacitated person, Marjorie Vaccarelli and Constance Macchia, as executor of the estate of Florence Trotta, appeal from a judgment of the Supreme Court, Nassau County (Diamond, J.), dated September 2, 2011, which is in favor of the petitioner and against them in the total sum of $391,021.56, and the petitioner from so much of the same judgment as awarded him the sum of only $391,021.56, and failed to award him prejudgment interest.

Ordered that the judgment is modified, on the law, by adding a provision thereto awarding the petitioner prejudgment interest on the award of $391,021.56 pursuant to CPLR 5001 and 5002; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau

County, for the calculation of prejudgment interest in accordance herewith, and the entry of an appropriate amended judgment thereafter.

In April 2009, the petitioner was appointed as the guardian of the property and person of his mother, Rose L. (hereinafter Rose), an incapacitated person. In October 2009, the petitioner filed a petition pursuant to Mental Hygiene Law § 81.43 against Rose's sisters, Marjorie Vaccarelli and Florence Trotta (hereinafter together the sisters), seeking the turnover of certain funds alleged to have been wrongfully taken from Rose during the 10-year period that Rose lived with her sisters and the sisters handled Rose's finances.

After a nonjury trial, the Supreme Court entered a judgment in favor of the petitioner and against the sisters in the total sum of $391,021.56. The sisters appealed from the judgment, and, after Trotta's death, Constance Macchia was substituted for Trotta. The petitioner cross-appeals, arguing, inter alia, that the Supreme Court erred in failing to include interest pursuant to CPLR 5001 from the time of the wrongful taking of the funds.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (*Hom v Hom*, 101 AD3d 816, 817 [2012], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the determination that Rose did not have the mental capacity to voluntarily transfer or gift her assets to the sisters is warranted by the facts (*see Matter of Kaminester v Foldes*, 51 AD3d 528 [2008]). While the sisters presented witnesses who testified to the contrary, the Supreme Court's credibility determinations are entitled to deference (*see Hom v Hom*, 101 AD3d at 817; *Praimnath v Torres*, 59 AD3d 419, 419-420 [2009]).

Contrary to the characterization propounded by Vaccarelli and Macchia (hereinafter together the appellants-respondents), the judgment appealed from granted the petitioner's request, made in his order to show cause, to hold them jointly and severally liable for the monies wrongfully withheld from Rose. The appellants-respondents' request to have the award apportioned, which is raised for the first time on appeal, is not properly before this Court.

We agree with the petitioner that, in addition to an award of interest pursuant to CPLR 5002 from the date of the verdict to the date of judgment, he is entitled to prejudgment interest

pursuant to CPLR 5001 (a) from the date of the wrongful taking of the funds until verdict (see Matter of Ferrara, 50 AD3d 899, 901 [2008]). Since this proceeding does not involve obligations on which interest is due on regular installment payments, interest on each wrongful taking should be awarded from the date of each wrongful taking (see CPLR 5001 [b]; cf. Baer v Anesthesia Assoc. of Mount Kisco, LLP, 57 AD3d 817, 819 [2008]). We thus remit the matter to the Supreme Court, Nassau County, to determine the dates on which the wrongful takings occurred, the calculation of statutory prejudgment interest in connection with each of those wrongful takings, and the entry of an appropriate amended judgment thereafter.

The parties' remaining contentions are without merit. Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.