■ In the Matter of DANIEL B. ANGELIQUE M.B., Petitioner, and BETTY LAWRENCE LEWIS, Respondent, v DAVID VISION et al., Appellants. [22 NYS3d 553]—

In a guardianship proceeding in which Betty Lawrence Lewis, the guardian of the person and a coguardian of the property of Daniel B., an incapacitated person, petitioned pursuant to Mental Hygiene Law § 81.43 to recover certain property withheld from the estate of the incapacitated person, David Vision and Mutiya Vision appeal from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), dated May 5, 2014, which, upon a decision and order of the same court dated April 1, 2014, is in favor of the petitioner and against them in the total sum of $206,538.60.

Ordered that the judgment is affirmed, with costs.

In January 2012, Angelique M.B. petitioned, inter alia, for the appointment of a guardian of the person and property of her father, Daniel B., an incapacitated person. In April 2012, Betty Lawrence Lewis was appointed as the guardian of the property and a coguardian, with Angelique M.B., of the person of Daniel B. Subsequently, Lewis filed a petition pursuant to Mental Hygiene Law § 81.43 against David Vision and Mutiya Vision, seeking, inter alia, the turnover of certain funds allegedly wrongfully taken by the Visions from Daniel B. After a nonjury trial, the Supreme Court entered a judgment in favor of Lewis and against the Visions in the total sum of $206,538.60.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the

testimony" (*Matter of Frank A.L. v Vaccarelli*, 117 AD3d 740, 741 [2014] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Campbell v Campbell*, 50 AD3d 614, 615 [2008]). Here, the facts warranted the Supreme Court's determination that a fiduciary and confidential relationship existed between Daniel B. and David Vision, and that the Visions failed to prove by clear and convincing evidence that Daniel B. intended to give the subject funds to the Visions as a gift and that the transactions were fair, open, voluntary, and well understood, and therefore free from undue influence (*see Matter of Boatwright*, 114 AD3d 856, 859 [2014]; *Campbell v Campbell*, 50 AD3d at 615). The Supreme Court did not credit David Vision's testimony regarding those issues, and its credibility determinations are entitled to deference (*see Matter of Frank A.L. v Vaccarelli*, 117 AD3d at 741; *Matter of Boatwright*, 114 AD3d at 859). We find no basis to disturb the Supreme Court's determination that the Visions were in possession of funds improperly taken from Daniel B.

Contrary to the contention of the Visions, the Supreme Court providently exercised its discretion in denying their application for recusal and a mistrial based on a comment made by the Supreme Court during the trial (*see People v Glynn*, 21 NY3d 614, 618 [2013]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616-617 [2013]; *Hass & Gottlieb v Sook Hi Lee*, 55 AD3d 433, 434 [2008]; *see also York v York*, 98 AD3d 1038, 1038 [2012], *affd* 22 NY3d 1051 [2014]). The Supreme Court also did not improvidently exercise its discretion in denying the Visions' request during trial for an adjournment to obtain new counsel (*see generally Hawes v Lewis*, 127 AD3d 921, 922 [2015]; *Verdi v Ho*, 71 AD3d 1004, 1005 [2010]). Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.