Middle Village Chiropractic, as Assignee of Artur Mujaxhi, Respondent, 
against
GEICO General Insurance Co., Appellant.
 
The Law Office of Printz & Goldstein, Lawrence J. 
Chanice, Esq., for appellant.
The Odierno Law Firm, P.C., for respondent (no 
brief filed).



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered July 27, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,549.41.




ORDERED that the judgment is affirmed, with $25 costs.
On July 23, 2010, plaintiff commenced this action to recover assigned first-party no-fault benefits. By order entered January 16, 2015, the Civil Court (Larry Love, J.) held that the only issue for trial as to disputed claims in the sum of $1,549.41 was whether the services which had been rendered by plaintiff were medically necessary. Plaintiff filed a notice of trial on February 25, 2015, and the matter appeared on the trial calendar on April 6, 2015. On April 6, 2015, defense counsel made an oral application to adjourn the trial, stating that "[s]ix weeks is not a reasonable amount of time . . . for our offices to book a witness for all these trials." The Civil Court denied the application. As defendant was unable to proceed to trial in the absence of its expert witnesses, the court ordered that judgment be entered in plaintiff's favor. A judgment in favor of plaintiff in the principal sum of $1,549.41 was entered on July 27, 2015.
Defendant's sole contention on appeal is that the Civil Court improvidently exercised its [*2]discretion in denying defendant's application to adjourn the trial to enable it to secure the attendance of expert witnesses.
"An application for a continuance or adjournment is addressed to the sound discretion of the trial court, and the grant or denial thereof will be upheld on appellate review if the trial court providently exercised its discretion" (Nieves v Tomonska, 306 AD2d 332, 332 [2003]; see Matter of Winfield v Gammons, 105 AD3d 753, 754 [2013]; Diamond v Diamante, 57 AD3d 826, 827 [2008]; Noble Thread Corp. v Noble Group Corp., 46 AD3d 778, 779 [2007]).
Here, although expert witness testimony was critical, defense counsel made no showing that due diligence had been exercised in attempting to secure the attendance of its witnesses during the six-week period between the filing of the notice of trial and the action's appearance on the trial calendar. In view of the foregoing, and the fact that this case had been commenced almost five years before it was reached for trial, we find that it was not an improvident exercise of discretion for the trial court to have denied defendant's request for an adjournment.
Accordingly, the judgment is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017