■ MARIA T. MILLER, Appellant, v BAAYORK ALMADOVAR et al., Defendants and Third-Party Plaintiffs-Respondents. JOSEPH L. MILLER et al., Third-Party Defendants-Respondents. [744 NYS2d 716] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Cammer, J.), entered July 11, 2001, which, sua sponte, dismissed the complaint upon finding that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the complaint is reinstated.

Following jury selection in this personal injury action, the Supreme Court, sua sponte, asked the plaintiff for an offer of proof on the issue of whether she had sustained a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied the plaintiff's request for a short continuance to allow her to produce a medical witness, and then dismissed the complaint upon finding that the offer of proof she was able to make was insufficient. Reversal is warranted since the Supreme Court improperly dismissed the complaint, sua sponte, and without granting the plaintiff the short continuance she requested. In so doing, the Supreme Court deprived the plaintiff of an opportunity to properly address the issue of whether or not she sustained a serious injury, "rendering meaningful appellate review of the propriety of the court's determination on the merits impossible" (Sena v Nationwide Mut. Fire Ins. Co., 198 AD2d 345, 346; see Balogh v H.R.B. Caterers, 88 AD2d 136).

In light of this determination, we need not reach the plaintiff's remaining contention. Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.