(February 15, 2005)

■ JUN-YONG KIM et al., Respondents, v A&J PRODUCE CORPORATION, Defendant, and JAMES TRAMUTOLA, Appellant. JUN-YONG KIM et al., Appellants, v A&J PRODUCE CORPORATION, Defendant, and JAMES TRAMUTOLA, Respondent. [790 NYS2d 19]—

Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about February 9, 2004, dismissing plaintiffs' complaint, with prejudice, unanimously reversed, on the law, with costs, the complaint reinstated, and the matter remanded for a jury trial. Appeal from order, same court (Stanley Green, J.), entered on or about June 7, 2004, which granted plaintiffs' motion to restore the action, without vacating the judgment of dismissal, unanimously dismissed, without costs, as academic, in light of the foregoing.

Plaintiffs brought this action to recover for injuries suffered by Mr. Kim as a result of an alleged assault by defendant James Tramutola, an employee of A&J Produce Corporation.* Plaintiff filed a note of issue in 2001. Apparently the case was on the

---

* The case against the corporate defendant has been dismissed.

trial calendar five times in 2002 and 2003, and was eventually adjourned to July 14, 2003. Mr. Kim flew from Korea to New York to be available that day. However, without prior notification to counsel for Mr. Kim, defendant's attorney submitted an affidavit of actual engagement on July 14, and requested an adjournment. The adjourn date of August 11, 2003 was marked final.

Plaintiff was unable to remain in New York until the August adjourn date. Thus, when plaintiff's counsel appeared for trial on August 11, 2003, he requested a one-day adjournment to allow his client to travel to New York from Korea. Mr. Kim was awaiting a call to indicate that the case would actually be proceeding to jury selection before making another, potentially futile, costly intercontinental plane trip. The court denied the adjournment and dismissed the action, with prejudice. This was error.

Because the judgment sought to be appealed did not result from a decision on a motion made on notice, it is not appealable as of right (CPLR 5701 [a] [2]; *Hladun-Goldmann v Rentsch Assoc.*, 8 AD3d 73 [2004]). However, we deem the notice of appeal a motion for leave to appeal pursuant to CPLR 5701 (c), and we grant that motion (*see Lissak v Cerabona*, 10 AD3d 308, 309 [2004]).

On the merits, we find that it was an abuse of the court's discretion to have dismissed the complaint. Plaintiff's counsel sought a one-day adjournment on the ground that his client needed to be sure that the trial was actually proceeding before flying from Korea to New York. This request was not, in the circumstances, unreasonable. As the case was ready for trial when it was improperly dismissed, we restore it to that calendar (*Baez v Mohamed*, 10 AD3d 623, 624 [2004]). Concur—Buckley, P.J., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.