OPINION OF THE COURT
Per Curiam.
Order entered on or about July 16, 2003 reversed, without costs, and the matter is remanded to Civil Court for further proceedings consistent with this decision.
The transcript of the traverse hearing indicates that the process server hired by landlord in connection with the underlying nonpayment proceeding arrived promptly and remained in the courtroom until the lunch recess, but was not present when the case was first called at approximately 3:15 p.m.; that the process server (Cahill) informed landlord’s counsel at some point that morning that he (Cahill) would have to “tend” to his own “traffic violation” in a Rockland County court proceeding later that afternoon; and that landlord’s counsel appropriately notified the judge’s court attorney of the situation. In these circumstances, and notwithstanding the general case management considerations invoked by our dissenting colleague, we find the court’s denial of a continuance of the traverse hearing for a reasonable period of time to enable the landlord to locate its process server to be an improvident exercise of discretion. The short adjournment requested was not for purposes of delay or otherwise unreasonable, the process server’s testimony was critical to the issue of service, and the need for the continuance did not result from any lack of diligence on the part of landlord’s counsel (see Balogh v H.R.B. Caterers, 88 AD2d 136, 141 [1982]; Cantoni ITC USA v Milano Intl., 300 AD2d 334 [2002]; Jun-Yong Kim v A&J Produce Corp., 15 AD3d 251 [2005]).
With respect to the court’s determination to invalidate service and sustain the traverse, there is some merit to the landlord’s argument that the testimony given by tenant — merely denying receipt of the notice of petition and petition, while acknowledg *19 ing that it was not unusual for her mail to have been thrown out by a licensee (Posy) of her cotenant — did not directly controvert the allegations of the process server’s affidavit or persuasively overcome the prima facie showing of service formed by such affidavit (see generally Rox Riv 83 Partners v Ettinger, 276 AD2d 782 [2000]). Given the unsatisfactory nature of the sparse record developed below, however, fairness dictates that resolution of the threshold issue of service await a full evidentiary hearing at which the credibility of the process server — as yet unheard from — can be fairly evaluated.
Upon remand, that branch of tenant Faustin’s motion seeking to be restored to possession should also be determined at a plenary hearing, centering on the unresolved issues as to the tenant’s alleged abandonment of her leasehold interest and the status of the previously “gutted” apartment premises. The traverse court’s peremptory merits determination of tenant’s restoral motion deprived the landlord of an opportunity to properly address these issues and rendered meaningful appellate review of the propriety of the court’s restoral order impossible (see Miller v Almadovar, 296 AD2d 444 [2002]).