Kociaj v DeRose

2026 NY Slip Op 03071

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Alket Kociaj, as Administrator of the Estate of Seit Kociaj, Deceased, Plaintiff-Appellant,

v

Joseph J. DeRose, J.R., M.D., et al., Defendants-Respondents.

Decided and Entered: May 14, 2026

Index No. 803599/22|Appeal No. 6643|Case No. 2024-07913|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Redmond Law Firm, PLLC, Brooklyn (Cornelius J. Redmond of counsel), for appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered November 22, 2024, which, in accordance with a compliance conference order dated September 11, 2024, precluded plaintiff from entering evidence from the Office of the Chief Medical Examiner (OCME) at trial because of plaintiff's failure to comply with the compliance conference order, unanimously reversed, on the law and in the exercise of discretion, without costs, and the order vacated on the condition that within 30 days of this order, plaintiff provide defendants with a proper and fully executed copy of the requested OCME authorization, signed by the administrator of the estate and notarized as per the trial court's orders.

The order appealed from is not appealable as of right, as it was not decided upon a motion made on notice. Nevertheless, we deem plaintiff's notice of appeal a motion for leave to appeal and grant that motion (see Jun-Yong Kim v A&J Produce Corp., 15 AD3d 251, 252 [1st Dept 2005]).

Plaintiff has technically failed to comply fully with the court's September 11, 2024 order, and/or with multiple earlier orders, by failing to provide a properly completed and notarized OCME authorization. This noncompliance continued over an extended period of time. However, the record also establishes that plaintiff provided multiple iterations of such authorization, including during the period of noncompliance, demonstrating an intent to comply with the trial court's orders.

Although the record supports the court's conclusion that plaintiff was technically noncompliant, the drastic remedy of preclusion was not warranted here (see Spitzer v 2166 Bronx Park E. Corps., 284 AD2d 177, 177 [1st Dept 2001]). Under the circumstances of this case, a conditional preclusion order would have been sufficient. This Court "is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Elizabeth Canal, LLC v Structure Tone Global Servs., Inc., 236 AD3d 582, 583 [1st Dept 2025]).

Accordingly, we substitute our own discretion and vacate the order, and direct defendants to provide plaintiffs with the exact language they wish to be included in the corrected OCME authorization. Plaintiff may offer the OCME evidence at trial only if it executes a corrected OCME authorization within thirty days of receipt of such language from defendants.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026