■ Wai Ming Ng, Respondent, v Connie Tow et al., Appellants. [688 NYS2d 647] —In an action, *inter alia*, to recover damages for breach of a fiduciary duty, the defendants Connie Tow and Fifteen Ave. Poultry, Inc., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Ain, J.), entered December 16, 1997, as, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $331,250.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages only.

Upon our review of the record, we find that there was sufficient evidence to support the court's determination that the plaintiff was a 25% equity shareholder in the defendant corporation, Fifteen Ave. Poultry, Inc. (hereinafter Poultry, Inc.). However, due to a number of other errors, there must be a new trial on damages.

At the outset, it should be noted that the trial court based its valuation of Poultry, Inc., on the testimony of the plaintiff's expert witness, largely because, in the court's own words, that testimony was not "controverted in any manner, shape or form". However, the testimony was uncontroverted because the court improperly denied the defendants' request for a short adjournment so that the accountant for Poultry, Inc., could rebut the valuation testimony of the plaintiff's expert. As this Court stated in *Balogh v H.R.B. Caterers* (88 AD2d 136, 141), "[i]t is an abuse of discretion to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, where the evidence is material and where the need for a continuance does not result from the failure to exercise due diligence". In this case, it appears that the defendants' attorney made a good faith and diligent effort to produce the accountant, whose testimony was material and relevant, and an adjournment for a few days in this nonjury trial was not likely to cause any prejudice to the plaintiff.

Furthermore, the flaws in the valuation analysis performed

by the plaintiff's expert are obvious. She candidly admitted that her valuation was based solely on earnings and she did not consider any of the following factors, among others, which might be relevant to establish the true value of Poultry, Inc.: (1) the value of the license, (2) the terms of the lease, including the expiration date, (3) the corporation's tangible assets, including inventory and equipment, (4) the corporation's intangible assets, including customer lists and good will, (5) the corporation's expenses and outstanding debts; and (6) the value of comparable businesses.

Moreover, the court's damage award contained elements that were duplicative and speculative. It is a fundamental principle of contract law that an award of damages should place the plaintiff in the same position as he or she would have been in if the contract had not been breached (*see, e.g., Rich Haven Motor Sales v National Bank,* 163 AD2d 288 [inasmuch as the trial court accounted for future profits in its damages calculations, an additional award for lost profits would be duplicative]). In addition, the damages may not be "merely speculative, possible or imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes" (*Kenford Co. v County of Erie,* 67 NY2d 257, 261).

Here, the court's award of $125,000 based on the future sale of Poultry, Inc., was impermissibly duplicative of the award of $131,250 which represented 25% of the value of the business based on the calculations of the plaintiff's expert. The award of $131,250 represented the value of the plaintiff's share of Poultry, Inc., in June 1994, when, the plaintiff testified, the individual defendant forced him out of the business. Accordingly, the plaintiff would have no right to participate in any future sale of the corporation. Similarly, the plaintiff was not entitled to lost earnings in the amount of $75,000. That award was purely speculative since there was no evidence in the record of the profits generated by Poultry, Inc., in the period between June 1994 (when the plaintiff was forced out) and October 1997 (when the trial took place).

Accordingly, a new trial must be held to determine the true value of the corporation and the proper amount of damages to be awarded to the plaintiff. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.