■ Xand Corporation, Appellant, v Reliable System Alternatives Corporation, Respondent. [880 NYS2d 333]—

In an action, inter alia, to recover damages for fraud in the inducement, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Loehr, J.), entered October 2, 2007, which, upon a decision of the same court entered September 24, 2007, after an inquest on the issue of damages on the defendant's counterclaim, is in favor of the defendant and against it in the principal sum of $49,008.48.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the defendant the principal sum of $49,008.48 and substituting therefor a provision awarding the defendant the principal sum of $39,008.48; as so modified, the judgment is affirmed, with costs to the defendant.

Contrary to the plaintiff's contentions, the Supreme Court properly determined the amount of damages sustained by the defendant as a result of the plaintiff's breach of its obligation under the contract to pay commissions as the amount that would place the defendant " 'in the same position as [it] would have been in if the contract had not been breached' " (*DRS Optronics, Inc. v North Fork Bank,* 43 AD3d 982, 986 [2007], quoting *Wai Ming Ng v Tow,* 260 AD2d 574, 575 [1999]). In this regard, the evidence and testimony established the agreed-upon commission schedules, the amount of earned commissions, and the commissions paid by the plaintiff to the defendant, which the court utilized to determine the outstanding commissions owed to the defendant. Additionally, the court's determination to credit testimony of the defendant's principal regarding the commission due under the Marymount College contract is entitled to deference (*see Morgan v McCaffrey,* 14 AD3d 670, 672 [2005]; *Pav-Co Asphalt v Heartland Rental Props. Partnership,* 278 AD2d 395 [2000]; *Tursi v Perla,* 241 AD2d 518 [1997]).

However, the Supreme Court, in its decision dated September 24, 2007, made a mathematical error in calculating the amount to be awarded on the counterclaim by awarding the defendant an additional $10,000. As the judgment was based, in part, on that mathematical error, the judgment should be modified accordingly.

The plaintiff's remaining contentions either are without merit or relate to harmless error. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.