■ ISLAND FEDERAL CREDIT UNION, Appellant, v HILLSIDE AUTO MALL, INC., Respondent. [937 NYS2d 87]—

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination on the issue of damages in accordance herewith.

The plaintiff credit union and the defendant car dealership entered into a "Credit Union Agreement" dated April 25, 2006. Pursuant to the agreement's terms, the defendant would refer its customers to the plaintiff to obtain financing from the plaintiff related to the purchase of motor vehicles sold by the defendant. Paragraph 3 of the agreement provided that the defendant represented, warranted, and covenanted, among other things, that as of the date of purchase of motor vehicles covered by loan instruments submitted by the defendant, title to those vehicles would be fully vested in the defendant and free and clear of all liens and encumbrances, and that the defendant had taken all proper and necessary steps to ensure that the name of the plaintiff would appear as the first and only lienholder on any certificate of title with respect to those vehicles. Paragraph 7 of the agreement provided that in the event that the defendant breached any warranty or representation set forth in the agreement, or was otherwise in default under the agreement, then upon demand by the plaintiff, the defendant would repurchase from the plaintiff the loan instruments acquired by the plaintiff which had been affected by the breach and immediately pay the plaintiff the amount unpaid and owing on the instruments plus 1% of the unpaid principal balance, less unearned interest charges.

The plaintiff commenced this action alleging that the defendant had submitted a loan instrument on behalf of a customer, that the plaintiff approved the subject loan and provided financing to the customer in the amount of $75,000 for the purchase of a motor vehicle, and that on February 14, 2007, the customer purchased the motor vehicle. However, the complaint alleged that at the time, title to the subject motor vehicle was not fully vested in the defendant, and that the defendant had not taken proper and necessary steps to ensure that the plaintiff's name would appear as the first and only lienholder on the certificate of title. The complaint further alleged that in a letter dated December 21, 2007, the plaintiff demanded that the defendant repurchase the loan in accordance with paragraph 7 of the agreement. At the time the letter was sent, the amount unpaid

and owing on the loan was $69,655. According to the complaint, the defendant breached the Customer Service Agreement by failing to repurchase the loan in accordance with paragraph 7 of the agreement despite the plaintiff's repurchase demand.

The defendant failed to answer the complaint or otherwise appear in the action, and in an order dated December 11, 2009, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment on the issue of liability and scheduled an inquest on the issue of damages. At the inquest, at which the defendant appeared, evidence was presented establishing that the customer went into default on the loan after making about six payments on it. The plaintiff contacted the defendant, which assisted the plaintiff in recovering the subject vehicle from the customer on January 24, 2008. Although title to the subject vehicle had still been in the previous owner's name at the time of the sale of the vehicle to the customer, a new title was issued on January 11, 2008, listing the customer as the owner and the plaintiff as the first lienholder. The plaintiff subsequently consigned the vehicle to National Auto Brokers, which, according to the plaintiff's vice president, sold the vehicle and was supposed to pay the plaintiff $40,000 of the proceeds of the sale, but only paid the plaintiff $25,000 before going out of business. The plaintiff never commenced an action against the customer based on his default on the loan.

After an inquest, the Supreme Court determined that the plaintiff had not sustained any damages. The Supreme Court found that the damages suffered by the plaintiff were solely and exclusively caused by the actions of the customer in defaulting on the loan, and that because title to the subject vehicle was vested in the customer in January 2008, prior to the plaintiff's repossession of the vehicle, there was no causal connection between the defendant's alleged breach of contract in failing to ensure that title was vested in itself at the time of the sale of the vehicle to the customer in February 2007 and any damages suffered by the plaintiff.

The Supreme Court's determination was erroneous. "It is a fundamental principle of contract law that an award of damages should place the plaintiff in the same position as he or she would have been in if the contract had not been breached" (*Wai Ming Ng v Tow*, 260 AD2d 574, 575 [1999]; *see Casandra Props., Inc. v M.S.B. Dev. Co., Inc.*, 79 AD3d 1088, 1090 [2010]; *Xand Corp. v Reliable Sys. Alternatives Corp.*, 63 AD3d 724, 725 [2009]). Here, if the defendant had not breached paragraph 7 of the agreement by failing to repurchase the loan, the plaintiff would have received from the defendant the amount owed on the loan

($69,655) plus 1% of the unpaid principal balance, less unearned interest charges, which was substantially more than the $25,000 the plaintiff received from the proceeds of the sale of the vehicle by National Auto Brokers. The plaintiff would also not have incurred expenses in repossessing and repairing the subject vehicle prior to consigning it to National Auto Brokers.

At the inquest, the defendant contended that the plaintiff did not exercise due diligence in mitigating its damages (*see Wilmot v State of New York*, 32 NY2d 164, 168-169 [1973]). In light of the Supreme Court's erroneous determination that the plaintiff had not sustained any damages as a result of the defendant's breach of contract, it did not have occasion to determine whether the plaintiff failed to exercise due diligence in mitigating its damages. Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a new determination on the issue of damages. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.