Five Star Air, Inc., Respondent,
against
Danny Kasab, Also Known as Danny Agmon, Also Known as Danny Kasab Agmon, Appellant.




Danny Kasab, appellant pro se.
Brad Berfas, Esq., for respondent (no brief filed).

Appeal from a decision of the Civil Court of the City of New York, Kings County (Noach Dear, J.), dated November 16, 2011, and from a judgment of that court entered February 16, 2012. The judgment, insofar as appealed from as limited by the brief, entered pursuant to the decision, after a nonjury trial, awarded plaintiff the principal sum of $4,500.




ORDERED that so much of the appeal as is from the decision dated November 16, 2011 is dismissed, as no appeal lies from a decision (see CCA 1702; Farag v Farag, 4 AD3d 502 [2004]); and it is further,
ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action to recover the sum of $6,000 allegedly due on a contract for the purchase and installation of air conditioning units. Defendant interposed a counterclaim to recover the sum of $3,000, alleging that plaintiff had breached the agreement. At a nonjury trial, it was established that defendant had paid plaintiff $6,000 of the $12,000 contract price but then hired another contractor to complete the job. After a nonjury trial, the Civil Court awarded plaintiff the principal sum of $4,500 and dismissed defendant's counterclaim. As limited by his brief, defendant appeals from so much of the judgment as awarded plaintiff the principal sum of $4,500.
In reviewing a determination made after a nonjury trial, this court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, bearing in [*2]mind that the determination of the trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]; D'Elia v 58-35 Utopia Parkway Corp., 43 AD3d 976, 977-978 [2007]). Furthermore, "an award of damages should place the plaintiff in the same position as he or she would have been in if the contract had not been breached" (Ng v Tow, 260 AD2d 574, 575 [1999]), and the damages must be reasonably certain and directly traceable to the breach (see Ng v Tow, 260 AD2d at 575).
Upon a review of the record, we find that the Civil Court properly determined that defendant had breached the contract and was liable to plaintiff in the sum of $4,500. Consequently, we find no reason to disturb the judgment.
Accordingly, the judgment, insofar as appealed from, is affirmed.
ELLIOT, J.P., PESCE and ALIOTTA, J., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 09, 2018