Rubin v Baumann (2019 NY Slip Op 08011)





Rubin v Baumann


2019 NY Slip Op 08011


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10300 653707/15

[*1] Harvey Rubin, Plaintiff-Respondent,
v
James Baumann, et al., Defendants-Appellants.


Zingman & Associates PLLC, New York (Mitchell S. Zingman of counsel), for appellants.
Law Offices of Joseph Neiman, Jamaica Estates (Mark F. Heinze for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about June 10, 2019, which denied defendants' motion for summary judgment dismissing plaintiff's misconduct claim for improperly excluding him from managing the property at issue, unanimously affirmed, without costs.
Defendants submit that because the Operating Agreement does not discuss or provide any process for appointing or replacing the existing managing agent of the building, the default provisions of the Limited Liability Company Law (LLCL) control. In this vein, defendants claim that LCLL § 408(b) requires an affirmative vote of the majority of managers to implement any decision that would change the "status quo" of the Company.
Defendants' argument is unavailing. Even if the Operating Agreement is "silent" with respect to the replacement of Managers and the default provisions of the LLCL apply, the continued decision to keep Win Win Asset Management LLC as the managing agent of the company is also a major management decision for the Company, and requires a majority vote. Given that Rubin and Baumann each hold a 50% ownership stake in the Company, the parties are deadlocked as to this fundamental decision regarding its operations.
Nor are defendants entitled to summary judgment with respect to plaintiff's request for damages. It is a fundamental principle of contract law that an award of damages should put "plaintiff in the same position as he or she would have been in if the contract had not been breached" (Wai Ming Ng v Tow , 260 AD2d 574, 575 [2d Dept 1999). If the contract had not been breached, plaintiff would have either been paid to manage or would at least have saved half of the fees paid to the management company.
We have considered defendants' remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK